118 455
f 32 SC 543

118 455
f224 451

# CAROLINE GOULD v. ROBERT McFALL.

ERROR TO THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued November 11, 1887—Decided January 3, 1888.

Fifteen months after judgment entered, an execution was issued and levy made upon defendant's real estate. A writ of error was then taken upon the judgment. A few days before a sale advertised, the defendant voluntarily paid the debt, interest and costs and the sheriff returned the writ money made, as directed. Subsequently, on argument of the writ of error, the judgment was reversed and set aside: *Held*, on rule to show cause, that a writ of restitution would not be awarded.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.

No. 52 October Term 1885, Sup. Ct.

On November 14, 1880, Robert McFall recovered a judgment against Wm. L. Gould and Caroline Gould, his wife, for groceries and provisions furnished. Mrs. Gould took an appeal to the Court of Common Pleas. On October 26, 1883, the cause being called for trial, the defendants did not appear, and judgment was entered against them for $25.26, with interest from July 3, 1880. Afterward executions were issued, a levy made upon real estate of Mrs. Gould, and a sheriff's sale advertised for the first Monday of April, 1885.

On the Thursday before the sale was to be had, Mrs. Gould, with an attorney, met the plaintiff's attorney, at the sheriff's office and paid the debt, interest and costs, directing the writ to be returned, money made.

In the meantime, on January 31, 1885, the attorney of record for the defendants had taken a writ of error to the judgment entered in the Court of Common Pleas, which judgment, on January 4, 1886, was reversed and set aside by this court so far as it affected Mrs. Gould; reported: Gould v. McFall, 111 Pa. 66. Subsequently, on petition, a rule was granted upon the plaintiff to show cause why a writ of restitution should not issue, returnable to January 23, 1886.

An answer having been filed, testimony was taken before an examiner, from which it appeared that the debt, interest and costs upon the writ of execution had been paid by Mrs. Gould as before stated; that the purpose in view was to save her house and lot from a sale by the sheriff and enable her to make title for the same to one Scott to whom she had contracted to convey it. Her conveyance to Scott was made in a week or two after the payment. There was testimony adduced on the part of the respondent to the rule that when the payment on the writ was made, Mrs. Gould engaged to stop proceedings on the writ of error; this however was denied on the part of the petitioner.

*Mr. A. Blakeley* (with whom was *Mr. A. M. Blakeley*), for the petitioner:

Cited: Breading v. Blocher, 29 Pa. 347; Ranck v. Becker, 13 S. & R. 41; 1 T. & H. Pr., § 879.

*Mr. T. Walter Day*, for the respondent:

The writ of error was not taken for over fifteen months after the judgment was entered, nor for three days after the venditioni exponas was in the sheriff's hands; therefore, it was not a supersedeas. The return of " money made," fixed the liability of the sheriff and discharged the judgment: Boas v. Updegrove, 5 Pa. 516. Money collected or paid upon lawful process of execution, cannot be recovered back: Federal Ins. Co. v. Robinson, 82 Pa. 359; Rapalje v. Emory, 2 Dall. 51, 231; Herring v. Adams, 5 W. & S. 459; Mann's App., 1 Pa. 29; nor a voluntary payment, without fraud practiced: R. E. Sav. Inst. v. Linder, 74 Pa. 373; Irvine v. Hanlin, 10 S. & R. 219; Espy v. Allison, 9 W. 462; Natcher v. Natcher, 47 Pa. 496; During's App., 13 Pa. 224; McCrickart v. Pittsburgh, 88 Pa. 136. Restitution is not of right, but ex gratia, resting in the exercise of a sound discretion: Harger v. Washington County, 12 Pa. 251.

OPINION, MR. JUSTICE PAXSON:

This was a rule to show cause why a writ of restitution should not issue.

Restitution is not of mere right. It is ex gratia, resting in

the exercise of a sound discretion, and the court will not order it where the justice of the case does not call for it, nor where the process is set aside for a mere slip : Harger v. Washington County, 12 Pa. 251. It is settled law that one who voluntarily pays money with full knowledge or means of knowledge of all the facts, without any fraud having been practiced upon him, cannot recover it back by reason of the payment having been made in ignorance of the law : Real Estate Savings Institution v. Linder, 74 Pa. 371 ; Irvine v. Hanlin, 10 S. & R. 219 ; Espy v. Allison, 9 W. 462; Boas v. Updegrove, 5 Pa. 516 ; During's App., 13 Pa. 224; Natcher v. Natcher, 47 Pa. 496 ; Deysher v. Triebel, 64 Pa. 383. Money paid on the compromise of a litigated claim is paid on a good consideration, and if voluntarily paid cannot be recovered back : Natcher v. Natcher, supra; Colwell v. Peden, 3 W. 327; Lackey v. Mercer County, 9 Pa. 318. It was said by Chief Justice GIBSON, in the case last cited : " A single fact in the cause turns the scale against the plaintiff; the payment was voluntary."

So we say in the case in hand, the payment was voluntary. The money was paid by Mrs. Gould's attorney to the attorney of the plaintiff in the writ. It is true there was an execution out and a levy upon her real estate. A sale upon this execution, however, would not have passed the title. It had issued upon a judgment which this court, per GORDON, J., has declared void. In Colwell v. Peden, supra, where the subject was carefully considered on principle and authority, it was ruled that an action cannot be maintained to recover back money paid under an impending distress not attended with oppression or an abuse of the remedy, but made in good faith for rent erroneously supposed to be in arrear. And the general principle appears to be that money voluntarily paid upon a claim of right cannot be recovered back, however unfounded such claim may afterwards turn out to be. We are not now considering the line of cases where the process of the law has been abused for the purpose of extortion, but where it was used bona fide to enforce what was supposed to be a right. The suit in this case was to recover for certain groceries sold by McFall, the plaintiff, to Mrs. Gould, a married woman, for the support of herself and family. They were necessaries, and, if actually sold as alleged, the plaintiff would have had a right

Statement of Facts.

to recover, had he made the necessary proof. He took a judgment by default, and this court decided that such proof had not been made and reversed the judgment. We see, however, no equity which should move us to award restitution.

We see no hardship in the case, and if there were, we prefer to hold to well established principles. This was a voluntary payment and restitution must be refused.

Rule discharged.