STATE OF NEBRASKA, EX REL. WILLIAM HAYDEN ET AL., V. RICHARD S. HORTON, TRUSTEE OF THE GREATER AMERICA EXPOSITION, ET AL.*

FILED NOVEMBER 18, 1903.    No. 12,920.

1. **Reversal of Judgment: RESTITUTION.** It is a general rule that, "upon the reversal of a judgment which has been executed, it is the duty of the court to compel restitution," but restitution is not, in all cases, a matter of absolute right; it rests in the sound discretion of the court.

2. **Restitution.** Ordinarily an order of restitution will not be made against a solvent party where the result will be to deprive him of an opportunity to be heard in the courts of this state as to the merits of his claim.

3. **Corporation: BANKRUPTCY: RESTITUTION.** A corporation neglected to issue stock to a subscriber therefor and, by its proper officers, ordered the money which had been paid upon subscription returned to the subscriber. The subscriber procured a peremptory writ of mandamus, compelling subordinate officers of the corporation to execute papers deemed necessary to secure a return of the money. The order allowing the writ was afterwards reversed. The corporation having gone into bankruptcy, and the relator being solvent, it is *held* that the trustee in bankruptcy is not entitled to an order requiring the relator to return the money, so obtained, to the trustee in bankruptcy.

* Rehearing allowed. See opinion, p. 343, *post.*

ERROR to the district court for Douglas county: CHARLES T. DICKINSON, JUDGE.  *Reversed with instructions.*

*Constantine J. Smyth* and *Ed P. Smith,* for plaintiffs in error.

*James W. Hamilton* and *Henry Maxwell, contra.*

SEDGWICK, J.

On the 15th day of July, 1899, a writ of mandamus was issued by the district court for Douglas county against the Greater America Exposition and certain officers and agents of that corporation, on the application of Hayden Brothers, commanding the Greater America Exposition to "cause to be issued and delivered to William Hayden, Edward Hayden and Joseph Hayden, partners doing business in the name of Hayden Brothers, forthwith, an unconditional order upon the treasurer, Frank Murphy, for the payment to them of the sum of ten thousand dollars, and that you, W. S. Streetor, auditor, do forthwith issue to William Hayden, Edward Hayden and Joseph Hayden, the unconditional warrant and order of the Greater America Exposition upon its treasurer, Frank Murphy, for the payment to the said William Hayden, Edward Hayden and Joseph Hayden, of the sum of ten thousand dollars, and that you as auditor of the Greater America Exposition forthwith sign and approve the same, and forthwith deliver the said warrant so drawn in the said amount, to Dudley Smith, secretary, and to C. J. Smyth, chairman of the executive committee, for their signature, and that you, Dudley Smith, secretary, and you, C. J. Smyth, chairman of the executive committee of the Greater America Exposition sign the said warrant forthwith."

The warrant was executed and delivered, and the money paid thereon to Hayden Brothers accordingly. Afterwards the Greater America Exposition became bankrupt and the trustee in bankruptcy brought proceedings in error in this

court to review the judgment of the district court in allowing the writ of mandamus.

The judgment of the district court was reversed by this court (*Horton v. State,* 60 Neb. 701), and the case was remanded to the district court for further proceedings. A mandate was issued upon the judgment of this court, but before the mandate was filed in the district court, the relators asked the district court to dismiss the case, which request was granted. Afterwards the mandate was filed in the district court, and a motion made to set aside the order dismissing the case. The motion was sustained and the order made requiring the relators to show cause why they should not deliver to the defendant Horton, trustee in bankruptcy of the estate of the defendant the Greater America Exposition, the sum of $10,000. The relators appeared specially and objected to the jurisdiction of the court, alleging that the case had been dismissed by order of the court, and that the court had no jurisdiction to reinstate the case. This objection was sustained by the district court, which order was reversed by this court upon proceedings brought for that purpose (*Horton v. State,* 63 Neb. 34), and the cause was remanded "for further proceedings under the order to show cause why restitution should not be adjudged." Thereupon the relators brought an action in equity in the same court restraining the respondents from proceeding further upon the order to show cause until the equities of their defenses could be examined and determined by the court. Upon proceedings in mandamus brought in this court for that purpose, a writ was awarded directing the district court to vacate its injunction and proceed under the mandate of this court to the trial upon the order to show cause why the money should not be returned by Hayden Brothers. *State v. Dickinson,* 63 Neb. 869. Thereupon the relators filed in the district court their showing in response to the order for that purpose, and on the issues so formed trial was had which resulted in an order upon relators to return the money to the trustee in bankruptcy. The case is here now upon

petition in error to review this order of the district court.

In *Hier v. Anheuser-Busch Brewing Ass'n*, 60 Neb. 320, it was said that, "upon the reversal of a judgment which has been executed, it is the duty of the court to compel restitution." The general rule of law so announced is not questioned, but it is contended that the rule is not applicable in this case for several reasons.

1. It is contended that Hayden Brothers did not procure this money by their proceedings in mandamus which were afterwards found to be erroneous and were reversed.

"The exposition was not coerced in any sense either directly or indirectly into issuing the warrant or order on the treasurer; the mandamus was in strict harmony with the will of the exposition, not against it."

This is the theory of Hayden Brothers upon this point as stated in their brief·

When the corporation known as the Greater America Exposition was organized, Hayden Brothers subscribed first for $5,000 of the capital stock, and afterwards, in July, 1899, they subscribed for $10,000 more of the capital stock and paid the cash therefor. Under the articles of incorporation of the company, its affairs were managed by a board of directors consisting of twenty-five members, and this board of directors in turn appointed an executive committee of five of its members who, under the direction of the board of directors, had immediate charge of the business affairs of the corporation. The articles of incorporation provided that this committee should consist of not less than three nor more than seven, and "shall have all the powers of the board of directors when said board is not in session." On the 8th of June the board of directors, by resolution, ordered that the stock subscription books should be closed and no further subscriptions received after July 1st. The subscription of Hayden Brothers for the $10,000 worth of stock was made on the 3d of July. Whether the order of the board closing the books was overlooked in making and receiv-

ing this subscription, or whether it was disregarded on account of its supposed invalidity as in conflict with the by-laws of the board of directors, is not clear. No stock was issued to Hayden Brothers upon the subscription, but the money, $10,000, was received by the officers of the corporation thereon.

William Hayden, a member of the firm of Hayden Brothers, was also one of the executive committee, and soon afterwards at a meeting of the committee held upon the exposition grounds he was present with Mr. Smyth and Mr. Kitchen, two others of the executive committee, thus constituting a quorum; the other two members, although notified of the meeting, not being present. At this meeting Mr. Hayden asked that the subscription of Hayden Brothers be canceled, and that the $10,000 paid thereon be returned. This the executive committee ordered done by resolution for that purpose duly entered. Afterwards, the board of directors met, and appear to have considered the action of the executive committee in ordering the money returned to Hayden Brothers, but took no action thereon. No voucher appears to have been drawn in favor of Hayden Brothers to return this money, and a few days after the claim was ordered paid by the executive committee, Hayden Brothers applied to the district court for the writ of mandamus to compel the auditor of the corporation to issue the voucher therefor. This application appears to have been based upon the theory that the exposition had allowed the claim and had directed the auditor to draw the voucher, and that it was his duty to do so. The application for the writ also requested that the writ run against the exposition and against the chairman of the executive committee and against the secretary of the corporation, but it does not appear to have contained any allegations showing any neglect of duty on their part, or that there was any necessity for the writ so far as they were concerned. On the other hand, it alleges that the exposition company, by its proper officers, had determined that the money

ought to be returned to Hayden Brothers, and had taken proper action in that regard and ordered the money returned, but one Streeter, the auditor of the company, refused to issue the necessary warrant or voucher therefor. The writ was issued without any notice and commanded the defendants named to deliver to Hayden Brothers an unconditional order upon the treasurer for the payment of $10,000, and immediately after the service of the writ the voucher was delivered to Hayden Brothers, upon which the money was obtained.

There seems to have been a controversy among the stockholders and others interested in the management of the exposition as to the control of the company. Hayden Brothers, and others, who had been prominently interested in the enterprise from its inception, were about this time displaced by other parties in the control of the executive committee, but there seems to be no doubt that the committee as constituted up to this time was fully qualified with authority to represent the corporation in the absence of the board of directors and to bind the corporation by its acts. When the executive committee ordered the money returned to Hayden Brothers, it also in the same order acted upon a claim of Mr. Kitchen, so that Mr. Kitchen and Mr. Hayden were both personally directly interested in the action of the committee. There was no more than a quorum of the committee present when the order was made, and these two interested members constituted a majority of that quorum. This fact would undoubtedly have justified the board of directors in refusing to be bound by such action. This the board did not do. It considered and disapproved some of the actions of the committee taken at the same time. It added two members to the executive committee, thus changing the control of the committee. It did not rescind its order forbidding the issue of stock, or make any provision for tendering the stock to Hayden Brothers for which the money had been advanced to the corporation. It did not then, or afterwards, express any disapproval of the action

of the committee in ordering the $10,000 returned. It would seem clear that such of the acts of the executive committee as were not afterwards revoked or criticised by the proper authorities of the exposition should be considered and treated as the acts of the exposition and binding upon the exposition as such.

When Hayden Brothers subscribed for the $10,000 worth of additional stock in the exposition, there was nothing to indicate any change in the management, or that the stock was not a desirable investment. It was claimed on the part of some that the subscription books for the stock had been closed, and that the subscription of Hayden Brothers for the $10,000 additional stock was invalid. It appears that Hayden Brothers accepted this view and consented that their subscription be canceled, and it followed as a matter of course that their money which they had paid for their stock should be returned to them. This the authorities of the exposition recognized and ordered the money returned. This action appears to be binding upon the exposition, and that no proceedings by mandamus, or otherwise, were necessary to compel the exposition company to recognize this right of Hayden Brothers. One or more subordinate officers or agents of the exposition, whose signatures were deemed necessary in order to complete the transaction in accordance with determination of the exposition authorities, refused to take the action deemed necessary to that end, and the application for the writ was virtually at the instance of the exposition authorities as well as Hayden Brothers.

In the opinion in *State v. Dickinson*, 63 Neb. 869, 878, it is said:

"An order has been issued in the main case to show cause why the plaintiffs in that action should not be adjudged to make restitution of the moneys received by them from the defendant under a judgment in their favor which was afterwards reversed. It has been decided that such restitution is a matter of right, and does not depend upon

the merits of the controversy between the parties. Whether this rule of law is unyielding and without exception, we need not here discuss or determine. Certain it is that equity follows the law, and can not be resorted to for the purpose of overturning one of its well-settled principles."

In *Gould v. McFall*, 118 Pa. St. 455, 12 Atl. 336, it was said:

"Restitution is not a mere right. It is *ex gracia*, resting in the exercise of a sound discretion, and the court will not order it where the justice of the case does not call for it, nor where the process is set aside for a mere slip."

By the opinion of this court last referred to (*State v. Dickinson*, 63 Neb. 869), the question was left open, and it was, of course, the duty of the trial court to investigate the facts of the case and ascertain whether it was a case in which restitution was a matter of right, or whether the case presented an exception to the rule in which the court in the exercise of a sound discretion would not order restitution. That this was the theory which this court intended to announce is made manifest, we think, from the following language in the opinion:

"However this may be, the rights of all parties in interest, it appears to us, ought to and can be adjudicated in the one action which has proceeded to the point where interfered with by the order of injunction which is now the subject of consideration. Counsel are in error in their position that, to obtain whatever relief their clients may be entitled to, they must invoke the aid of a court of equity in an independent action. We are altogether satisfied that, under our code, the trial court is, in the trial of a cause or any branch thereof, empowered and authorized to administer to the respective parties the relief to which they may be entitled, either legal or equitable. Under the order to show cause why restitution should not be adjudged against the plaintiffs or relators in that action, they may, under our form of practice, present any defense, legal or equitable, which they may

be possessed of, and the court will award the proper relief, as justified by the pleadings and the evidence. The distinctions between actions at law and suits in equity and the forms of all such actions are abolished. * * * It is the duty of the respondent to vacate the restraining order, and thereby give to the parties an opportunity to proceed in the main case in accordance with the mandate filed therein."

The necessity and propriety of an equitable proceeding to determine whether a return of the money should be ordered was the subject of discussion, and the language quoted above must be taken as holding that any reason, legal or equitable, for refusing to compel a return of the money might be shown upon the order to show cause. If this money is returned to the trustee in bankruptcy, the corporation being shown to be hopelessly insolvent, Hayden Brothers, however just their claim may be, will be unable to obtain more than a fraction of the money so paid over, and to procure even that they will have no remedy in the courts of this state.

"The national courts have jurisdiction in equity in the absence of an adequate remedy at law in those courts. The test of their equitable jurisdiction is the absence of such a remedy in the federal courts. The presence or absence of a remedy at law in the state courts is not the test of the jurisdiction in equity of the federal courts." *National Surety Company v. State Bank of Humboldt*, 120 Fed. 593, 61 L. R. A. 394.

It is not claimed that Hayden Brothers are insolvent. Surely the courts of this state ought not, under the circumstances of this case, to place this money in the hands of the trustee in bankruptcy, and to remit Hayden Brothers to so manifestly inadequate a remedy in the federal courts.

Several other grounds for reversal are urged by Hayden Brothers, some of which appear to be meritorious, but in view of the conclusion already reached further discussion is unnecessary.

The order complained of is reversed and the cause remanded with instructions to dismiss the proceedings.

REVERSED.

The following opinion on motion for rehearing was filed April 21, 1904. *Rehearing denied:*

Mandamus: FINAL ORDER. In mandamus proceedings, the hearing upon an order to show cause why money obtained by the relator from the respondent under such proceedings should not be returned to the respondent, is summary in its nature, and an order therein is not a final adjudication of the rights of the parties to the money in controversy.

SEDGWICK, J.

In the brief in support of the motion for rehearing in this case, it is insisted that the opinion complained of disregards the former adjudication of this court; and quotations are made from the opinion upon the first hearing, as showing that the law of the case as established in that opinion, has been disregarded. In this regard, we think that the question actually adjudicated by the former opinion referred to, has been overlooked by the writer of the brief.

It was determined upon that hearing that a peremptory writ of mandamus can not be issued against the officers of a private corporation without notice, and an opportunity to be heard. This was the principal question adjudicated in the case, and the several other matters determined relate entirely to questions of practice, and are plainly stated, and are in no respect inconsistent with the principles of law as adjudicated in the opinion complained of. The legal principles set forth in the eight paragraphs of the syllabus of the first decision, are not questioned, and they clearly justify the decision then made.

Upon the last hearing in this court, the question was whether the order of the district court directing Hayden Brothers to pay the ten thousand dollars in controversy

to the trustee in bankruptcy, could be sustained. This was the first hearing in this court upon that question, and was the first opportunity to investigate the matters necessary to its solution, and if there is any language in any of the former opinions of this court in this litigation that appears to determine this question before it was presented to this court, the language was not so intended.

It is complained that by the opinion in this case, the rights of parties are left in doubt.

Upon an order to show cause in a mandamus proceeding why the money should not be returned, the proceedings are in their nature summary. In *State v. Dickinson,* 63 Neb. 869, the question was whether an independent action in equity enjoining further proceedings under the order to show cause, was the necessary and proper remedy to enable the court to determine whether it should order the money returned. The matter determined was that such action in equity was unnecessary and improper, and that upon the order to show cause in the mandamus proceedings, the court could make the necessary investigation of the facts upon which the propriety of such an order might depend. It was not intended to determine that the rights of the parties to the money in controversy could be finally adjudicated in this summary proceeding. In the last opinion (*ante*, p. 334), it was held that under the circumstances there set forth, the court would not, in this summary proceeding, order a return of the money in controversy. This was put upon the ground, among other things, that the money was left by Hayden Brothers with the exposition authorities, as a payment for stock of the company to be issued to Hayden Brothers, and the company had refused to issue the stock, and had refused to recognize the right of Hayden Brothers to pay for and receive the stock, and had by its executive committee ordered a return of the money to Hayden Brothers.

It was considered that the company having, perhaps, just ground to do so, had not rescinded this action of the executive committee, but had allowed it to remain as the

action of the company until many months thereafter, when, the company having gone into bankruptcy, the trustee in bankruptcy sought to procure a return of the money.

In determining that this was not a proper case in which to summarily order a return of the money before the rights of the parties had been adjudicated in an action at law, it was suggested, in addition to the foregoing considerations as to the character and condition of the proceedings, that to order the money returned to the trustee in bankruptcy would, in effect, place the claim of Hayden Brothers upon the same footing with ordinary claims against bankrupt estates. Whereas, Hayden Brothers being solvent, the remedy of the exposition company would be effective if it could establish the liability of Hayden Brothers in an independent action.

It was said in the opinion that:

"It was claimed on the part of some that the subscription books for the stock had been closed, and that the subscription of Hayden Brothers for $10,000 additional stock was invalid. It appears that Hayden Brothers accepted this view and consented that their subscription be canceled, and it followed, as a matter of course, that their money which they had paid for their stock should be returned to them."

It was not by this language intended to hold that in this action the rights of the parties were finally adjudicated. The thought was that, for the purposes of this summary proceeding, these facts had been made sufficiently to appear.

It was not supposed that the refusal of this order in these proceedings would constitute a bar to a prosecution of the claim of the trustee against Hayden Brothers in a suitable action brought for that purpose.

We are satisfied with the conclusion reached in the opinion upon the last hearing for the reasons there given. The motion for rehearing is overruled.

REHEARING DENIED.