RICHARD S. HORTON, TRUSTEE, v. WILLIAM HAYDEN ET AL.

FILED SEPTEMBER 20, 1905.  No. 14,169.

Petition: SUFFICIENCY: STARE DECISIS.  In an action to recover money that has been paid to defendant pursuant to a judgment in mandamus which was afterwards reversed, a petition which alleges only the payment of the money in obedience to the writ, and the subsequent reversal of the judgment in mandamus, without allegations of fact showing that the plaintiff is justly entitled to the money in controversy, does not state a cause of action.  A judgment overruling a motion for restitution in the mandamus proceeding upon the ground that under the circumstances of the case the respondent was not entitled to an order of restitution, and that his remedy was in an action at law to establish his right to the money, will be adhered to.  The rule of *stare decisis* will be applied.

ERROR to the district court for Douglas county: LEE S. ESTELLE, JUDGE.  *Affirmed.*

*Hamilton & Maxwell* and *Richard S. Horton,* for plaintiff in error.

*Smyth & Smith, contra.*

SEDGWICK, J.

The facts underlying this controversy are stated somewhat in detail in the opinion in *State v. Horton,* 70 Neb. 334.  The order of the district court sustaining the motion of the respondent there to compel Hayden Brothers to make restitution was reversed, and the cause remanded to the district court, with instructions to dismiss the proceedings.  The motion for rehearing was overruled in an opinion which may be found in 70 Neb. 343.  It was there held that the general rule announced in *Hier v. Anheuser-Busch Brewing Ass'n,* 60 Neb. 320, that "upon the reversal of a judgment which has been executed it is the duty of the court to compel restitution," was not of universal application, and that restitution is not in all cases

a matter of absolute right. It rests in the sound discre-tion of the court. It was said that under the circum-stances of this case "the court would not, in this summary proceeding, order a return of the money in controversy," and that "this was not a proper case in which to sum-marily order a return of the money before the rights of the parties had been adjudicated in an action at law." 70 Neb. 343.

The petition in the case at bar counted solely upon the allegation that the money had been obtained by Hayden Brothers from the exposition company by the operation of the writ of mandamus, and that the order allowing the writ of mandamus had been reversed, and that cause dis-missed. There was no allegation of any facts from which it could be found that Hayden Brothers were justly in-debted to the exposition company or to the trustee in bankruptcy. It was determined in the former decisions cited that allegations identically the same as those con-tained in this petition did not, under the circumstances disclosed in that case, entitle the trustee in bankruptcy to any relief. We were satisfied, then, with the conclusion reached, and we see no ground now to change our views. The district court sustained a general demurrer to the petition, and the plaintiff electing to stand upon the peti-tion, the action was dismissed.

This judgment of the district court was right, and is

AFFIRMED.