# *Ex Parte* Wellden.

## *Mandamus.*

(Decided June 30th, 1906.   42 So. Rep. 632.)

*Mandamus; Appeal; Reversal; Restitution in Detinue.*—Witt obtained a judgment against defendant for a mule, or its alternate value, $130.00: Wellden delivered the mule into Witt's possession within the thirty days, and appealed the case and secured a reversal. Pending the appeal, Witt sold the mule to another person for $150.00, and offered to deposit in court the value of the mule as fixed by the jury in the action. Held, Wellden is not entitled to an order requiring. Witt to restore possession of the mule to him, or in case he is unable to do so, to pay him the value of the mule with a reasonable rental therefor from the time it had been delivered to Witt; nor to prohibit Witt' from further prosecuting his suit in detinue until such restitution was made.

ORIGINAL petition in Supreme Court.

Application by James Ed Wellden for mandamus to compel the entry of an order requiring one John R. Witt to restore to applicant's possession certain personal property, the subject of litigation in another suit. The facts are sufficiently stated in the opinion of the court.

W. R. WALKER, for petitioner.—If a judgment be reversed the party shall be restored to all that he has lost by occasion of the judgment; and a writ of restoration shall be awarded.—2 Tidd's Prac. (Ed. 856) star pages 1186-87, and star page 1033; 2 Sander's Reports, 101 ee; *Sympson v. Juxon*, Cro. Jac. 699; *Marks v. Cowles*, 61 Ala. 299; *McDonald v. Insurance Co.*, 65 Ala. 358; *Ex parte Walter Bros.*, 89 Ala. 237; *Duncan v. Ware*, 5 S. & P. 119; *Dupuy v. Roebuck*, 7 Ala. 486; *Croker v. Clements*, 23 Ala. 307.

THOMAS C. McCLELLAN, for respondent.—Petitioner must have a clear legal right and no other adequate rem-

edy to enforce the right before he can resort to mandamus.—*Mosely v. Collins,* 133 Ala. 336. Petitioner had no such right.—*Traun v. Keiffer,* 31 Ala. 143. If he had such a right he had an adequate remedy.—*Florence C. & I. Co. v. Louisville Banking Co.,* 138 Ala. 588. The right to restitution, after reversal of judgment if it exists at all in a detinue action is merely an equitable right.—*Florence C. & I. Co. v. Louisville Banking Co., supra; Heabler v. Myers,* 15 L. R. A. 588. The statutes on detinue regulates possession and show that it is not material. Mandamus will not be awarded to compel the action of a lower court along defined lines.—*Colley's Case,* 140. Ala. 194.

DENSON, J.—This is an application to this court by Wellden for a mandamus to compel the judge of the Eighth judicial circuit to enter an order in the case of John R. Witt against James Ed Wellden, now pending in the circuit court of Limestone county, requiring Witt to restore to the possession of Wellden a mule which is the subject of litigation in said cause. Witt obtained judgment against Wellden for the mule or its alternate value—$130. Wellden, having executed a replevy bond when the mule was seized, within 30 days from the rendition of the judgment delivered the mule into Witt's possession. Wellden took an appeal from the judgment to this court and secured a reversal. At the next term of the circuit court after the remandment of the cause, Wellden filed a petition in the circuit court setting up the facts, and prayed that an order be made requiring Witt to restore to him the mule, or, if equities of third parties had intervened, so that it was impossible to restore the mule, that Witt should be required to pay Wellden the value of the mule, with a reasonable sum as rental thereof for the time that he had been deprived of the possession of the mule, and that Witt should be inhibited from the further prosecution of his suit until restoration was made. On motion of the plaintiff, Witt, the petition was stricken from the files. The prayer of the application made here is for a mandamus compelling the judge of the Eighth circuit to set aside the order striking Wellden's petition and make the order of resti-

tution as prayed for in the petition. The judge of the circuit, Hon. D. W. Speake, demurs to the petition and answers it.

The case has been ably briefed by counsel for both sides. In the case of *Traun v. Keiffer*, 31 Ala. 136, a case in all material respects identical with the one at bar, this court said: "The defendant's motion, to require the plaintiff to restore the slaves and money received by her or return them to the sheriff before proceeding to trial, was properly overruled. The principle settled in the two cases of *Hall v. Hrabrowski*, 9 Ala. 278, and *Bradford v. Bush*, 10 Ala. 274, manifestly has no application here. That principle is that a plaintiff shall not take the benefit of the reversal of a judgment, while he asserts the validity of the judgment by retaining money collected under it. Here the defendant has obtained a reversal of the judgment, and may fully protect himself by pleading in an appropriate manner the facts upon which his motion is predicated. If the property and money belong to the plaintiff, it would be extremely unjust to compel the restoration of them to the wrongful possession of the defendant. Whether they belong to the plaintiff or the defendant can only be judicially ascertained on the trial of the cause." It must be conceded—indeed, it is conceded by the petitioner—that, if the case above cited is to stand as authority, it concludes petitioner's contention here. But the petitioner's insistence is that the case is at war with the generally accepted doctrine of restitution after judgment reversed on appeal, and in conflict with the more recent decisions of this court, especially with the cases of *Ex parte Walter Bros.*, 89 Ala. 237, 7 South. 400, 18 Am. St. Rep. 103; *Marks v. Cowles*, 61 Ala. 299, and *Florence C. & I. Co. v. Louisville Banking Co.*, 138 Ala. 588, 36 South. 456, 100 Am. St. Rep. 50.

The general rule with respect of the doctrine of restitution may be conceded to be that "on the reversal of the judgment the law raises an obligation in the party to the record, who has received the benefit of the erroneous judgment, to make restitution to the other party for what he has lost; and the mode of proceeding to effect this object must be regulated according to circumstan-

ces."—*Bank of the United States v. Bank of Washington,* 6 Pet. (U. S.) 8, 8 L. Ed. 299; *Marks v. Cowles,* 61 Ala. 299. In applying the doctrine, consideration must be given to the nature of the action in which the judgment reversed was rendered, the facts of the case, and the forum and procedure resorted to, to effectuate the right. On account of the nature of the action of detinue, the statutory provisions which hedge it about, and the facts of the case in hand, we think that we may decline the relief prayed for by the petitioner, without conflicting with any of our cases or running counter to the generally accepted doctrine of restitution. In detinue, if the plaintiff recovers and the defendant is in possession of the property, the plaintiff is entitled, not only to the propery or its alternate value, but to reasonable damages for detention of the property; and if the property has been replevied by the palintiff, or plaintiff is in possession, and the plaintiff fails in the suit, the defendant is entitled to judgment for the property, or its alternate value and reasonable damages for detention. So it seems that there is a remedy provided for the adjustment of all the defendant's rights and consequent damages in the event of a termination of the suit in his favor. Furthermore, the plaintiff's detinue bond is conditioned to pay defendant all such damages and costs as he may sustain by the wrongful complaint; so that, in case of final recovery by the defendant, insolvency of the plaintiff would not affect the defendant. The chancery court is one the jurisdiction and powers of which are characterized by great elasticity, not inherent in a court of law. The court of chancery may on this account adjust the equities of the parties in every particular, as was done in the case of *Ex parte Walter Bros., supra.*

In the case at bar, the answer of Judge Speake shows that the mule was sold by the plaintiff to a third party, and that plaintiff offered in open court to pay into the court the sum of $130, that being the value of the mule as fixed by the jury and adjudged in the reversed judgment; but it was admitted that the mule had been sold by the plaintiff to a third party at the price of $150. Supposing the court had made the order of restitution, requiring that the plaintiff should restore the mule to

the defendant, how could the order have been enforced? The mule was not in the plaintiff's possession, he had no control over it, and he could not reclaim it from his vendee. The court might have made the order staying the prosecution of the suit until the mule was restored, and under the circumstances that would have been the end to plaintiff's suit, and the defendant would have been at liberty to sue the party in possession of the mule and recover it, and thus an injustice would be worked. The petitioner seems to have recognized this, as he prayed in the alternative, in his petition to the circuit court, that, if restoration of the mule should be impossible, there should be paid to him the value of the mule, together with reasonable rental value during the time he was deprived of the possession. It must be observed that no offer to give bond to secure plaintiff, in the event the money should be paid to defendant and he should be cast in the suit, accompanied the petition or prayer. But the plaintiff's offer to pay into the court the sum fixed by the jury as the value of the mule was not, we presume from the disclosures made by the record, satisfactory to the petitioner. The mule could not be produced, the offer to pay the amount fixed by the jury was not satisfactory, and so, to meet the demand of the petitioner—the alternative prayer—what would have been necessary? The court would, of necessity, have been compelled to empanel a jury and try the issue as to the value of the mule and its rental value. Thus a side issue would have been determined, and, following the prayer of the petition, the money would have been turned over to the petitioner without any security whatever; and, in its final analysis, this is what this court is asked by the petition here filed to compel the circuit court to do.

On the facts of the case, as made by the petition and answer, we fail to see that the petitioner has shown that clear legal right to have the circuit court make the order of restitution as is required to be shown to warrant the issuance of the writ of mandamus, if it sould be conceded that the right of restitution exists in detinue cases.

Mandamus is denied.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.