277 So.2d 91

**Ex parte John A. Maslankowski.**

**In re John A. MASLANKOWSKI**

**v.**

**Eugene W. CARTER, as Judge of the Circuit Court of Montgomery County, Alabama.**

**SC 127.**

Supreme Court of Alabama.

April 5, 1973.

Rehearing Denied May 10, 1973.

Frank W. Riggs and Richard H. Gill, Montgomery, for respondent.

Richard A. Ball, Jr., Montgomery, for petitioner.

**BLOODWORTH, Justice.**

An original petition for mandamus was filed in this court praying that an alternative writ issue, directed to the Honorable Eugene W. Carter, as Judge of the Circuit Court of Montgomery County, commanding him to set aside an order entered by him on September 25, 1972, in the case of Sue C. Beam, a minor who sues by and through her mother and next friend, Barbara F. Quernemoen, v. John A. Maslankowski, or, in the alternative, to show cause why he should not do so. The petition prays for a peremptory writ upon the final hearing and for general relief.

This court granted the rule nisi on October 19, 1972. In response to the rule nisi, Judge Carter filed his answer on November 17, 1972, praying that the petition for writ of mandamus be dismissed and that the rule nisi be discharged. Petitioner has filed a motion to strike the answer, a demurrer to the answer and a replication to the answer.

Since neither the demurrer nor the motion are adequately argued in brief, we proceed to address ourselves to the merits of the case. Moreover, our cases hold it is unnecessary to demur or to move to quash the answer in order to raise the issue of its sufficiency. Longshore, Judge, etc. v. State ex rel. Turner, 137 Ala. 636, 34 So. 684 (1902); Guaranty Funding Corp. v. Bolling, 288 Ala. 319, 260 So.2d 589 (1972). We might say we consider the answer to be sufficient.

The petition, answer and replication disclose the following. A judgment was rendered against petitioner, John A. Maslankowski, on May 7, 1970, after a jury verdict for plaintiff in the amount of $125,000. On August 10, 1970, petitioner's insurance company paid the sum of $11,952.06 to the Clerk of the Circuit Court of Montgomery County, representing the policy limits and interest on the entire judgment to that date. (While we attach no significance to it, the judge's answer recites that the payment was made to avoid further interest on the entire judgment. Petitioner maintains respondent could not know its motives.) These funds were paid over to the Probate Judge of Montgomery County by the circuit clerk and were ultimately expended by Sue Beam's guardian in Sue Beam's behalf, the payments having been authorized by the Probate Court. On appeal, this court reversed the judgment of the Circuit Court of Montgomery County. See Maslankowski v. Beam, 288 Ala. 254, 259 So.2d 804 (1972). Subsequently, in response to petitioner's motion for restitution of the $11,952.06, the Circuit Court of Montgomery County ordered the restitution of the funds in an order dated July 31, 1972. Following this order, petitioner sought by motion to require restitution of the funds as a condition precedent to the further prosecution of the cause. This motion was denied by order dated September 25, 1972. It is this order which the petitioner seeks to have set aside.

Petitioner argues in brief that a party who pays funds into court under a judgment which is subsequently reversed is entitled to restitution before the party receiving the money can proceed with a retrial of the case, citing Ex Parte Walter Bros., 89 Ala. 237, 7 So. 400 (1889); Ex Parte Wellden, 148 Ala. 429, 42 So. 632 (1906); Carroll v. Draughon, 173 Ala. 338, 56 So. 209 (1911).

In Ex Parte Walter Bros., supra, this court did hold that restitution was a right which was absolute after reversal, but that case was overruled by Carroll v. Draughon, supra. In *Carroll*, this court held, viz:

"* * * we further hold that the case of Ex parte Walter Bros., 89 Ala.

237, 7 South. 400, 18 Am.St.Rep. 103, in so far as it declares that the right of restitution is absolute and invariable, and follows as of course in every case where there is a judgment, satisfaction, and reversal—is not in harmony with the general current of our decisions, and must in this respect, and to this extent, be overruled."

It is to be noted that in neither Ex Parte Wellden, nor in Carroll v. Draughon, both cited by the petitioner, was restitution compelled prior to retrial.

■ We believe that the case of McCall v. McCurdy, 69 Ala. 65 (1881), best states the rule with regard to restitution after reversal, as follows:

"* * * The restoration of parties to the plight and condition in which they were, at and prior to the rendition of an erroneous judgment or decree, and the restitution of all advantages the party obtaining it may have acquired by its enforcement, upon reversal, it is the spirit and policy of the law to promote and compel, *when there are not facts and circumstances which may render restitution inequitable. * * *"* (Emphasis supplied)

Respondent, Judge Eugene Carter, in his answer to the rule nisi states that it would constitute a "grave injustice" and would be "contrary to equitable principles" to require the minor to make restitution as a condition precedent to the further prosecution of this case. The answer states the minor has no funds with which to support herself and no assets except this chose in action against petitioner.

In Atlantic Coast Line R.R. v. Florida, 295 U.S. 301, 55 S.Ct. 713, 79 L.Ed. 1451 (1935), the Supreme Court of the United States, speaking through Mr. Justice Cardozo, stated the rule to be as follows:

"* * * A cause of action for restitution is a type of the broader cause of action for money had and received, a remedy which is equitable in origin and function. Moses v. Macferlan, 2 Burr. 1005; Bize v. Dickason, 1 Term Rep. 285; Farmer v. Arundel, 2 Wm.Bl. 824; Kingston Bank v. Eltinge, 66 N.Y. 625. The claimant, to prevail, must show that the money was received in such circumstances that the possessor will give offense to equity and good conscience if permitted to retain it. Schank v. Schuchman, 212 N.Y. 352, 358, 359, 106 N.E. 127; Western Assurance Co. v. Towle, 65 Wis. 247, 26 N.W. 104, 108. The question no longer is whether the law would put him in possession of the money if the transaction were a new one. The question is whether the law will take it out of his possession after he has been able to collect it. Cf. Tiffany v. Boatman's Institution, 18 Wall. 375, 385, 390, 21 L.Ed. 868. * * *

"Suits for restitution upon the reversal of a judgment have been subjected to the empire of that principle like suits for restitution generally. 'Restitution is not of mere right. It is *ex gratia*, resting in the exercise of a sound discretion, and the court will not order it where the justice of the case does not call for it, nor where the process is set aside for a mere slip.' Gould v. McFall, 118 Pa. 455, 456, 12 A. 336, citing Harger v. Washington County, 12 Pa. 251. There are other decisions to the same effect. Alden v. Lee, 1 Yeates (Pa.) 207; Green v. Stone, 1 Har. & J. (Md.) 405; State v. Horton, 70 Neb. 334, 97 N.W. 434; Teasdale v. Stoller, 133 Mo. 645, 652, 34 S.W. 873. 'In such cases the simple but comprehensive question is whether the circumstances are such that equitably the defendant should restore to the plaintiff what he has received.' Johnston v. Miller, 31 Gel. & Russ. 83, 87."

■ We believe that the decision of this court in McCall v. McCurdy, supra, is in harmony with the rule just quoted, and that restitution after reversal is a matter which rests in the exercise of a sound dis-

cretion by the trial court. We are unwilling to grant the writ of mandamus in this case and to direct the trial court what conclusion it ought to reach.

In Ex Parte State, 251 Ala. 665, 38 So. 2d 560 (1949), this court held:

"The proper conduct and disposition of the business of nisi prius courts necessarily involves the exercise of some discretion by the court. Varying circumstances may arise which call for the use of discretion which is in the power alone of the trial court. Since it is the only tribunal which can take immediate cognizance of the attending circumstances, the trial court is presumed to be the one most capable of determining the proper action in a given case. Therefore, it is an established rule that, though the abuse or arbitrary and unjust use of discretion may be controlled, yet the discretion of the court to which it properly belongs when reasonably exercised is not to be supplanted by the judgment of another, though a superior court."

See also East v. Todd, 284 Ala. 495, 226 So.2d 153 (1969).

■ Here, Judge Carter has ordered the restitution of the monies paid. Thus, he has acted with regard to the matter of restitution. The fact that Judge Carter refused to make the restitution of the funds a condition precedent to the further prosecution of the lawsuit, does not appear to us to have been an abuse of discretion, particularly in view of the uncontroverted assertions contained in his answer.

The rule nisi is discharged and the writ of mandamus is denied.

Writ denied.

HEFLIN, C. J., and MERRILL, HARWOOD, MADDOX, McCALL, FAULKNER and JONES, JJ., concur.

COLEMAN, J., dissents.