This appeal arose out of a trespass and conversion action brought by plaintiff Robert Kerlin against St. Regis Paper Company for the wrongful cutting of timber on plaintiff's property.
This action arose out of a previous action to quiet title on a five-acre tract of property. Kerlin, a Pennsylvania resident, is the record title holder of the five acres of land. Title to the land has been in Kerlin's family since 1918, and he and his successors have paid taxes on the property since that time. The five-acre tract is surrounded by property owned by Tensaw Land and Timber Company since 1951. In 1956 Tensaw leased its holding to St. Regis Paper Company. St. Regis planted trees over the entire property, including the Kerlin lot, as part of a tree farming operation.
Tensaw brought an action against Kerlin to quiet title on the five-acre tract, claiming ownership by adverse possession. On May 9, 1979, the trial court found in favor of Tensaw and concluded that it had acquired title to the land by adverse possession.
Kerlin appealed to this Court. During the pendency of the appeal, St. Regis cut down all of the trees on the property, includikng the trees on the five-acre tract. St. Regis claimed that damage due to Hurricane Frederic necessitated the immediate cutting and removal of the trees.
On September 26, 1980, this Court found that Tensaw had not proved its claim of adverse possession and therefore reversed the trial court's decree and remanded the case. The trial court thereafter granted summary judgment in favor of Kerlin, which we affirmed on appeal.
Subsequently, Kerlin instituted the instant action against both Tensaw and St. Regis for trespass, conversion, and willful and wanton trespass.[1] St. Regis filed a counterclaim, claiming title to the five-acre tract by a prescriptive easement. *Page 66 
At the close of plaintiff's case the court granted a directed verdict in favor of Tensaw. St. Regis's motion for directed verdict was denied and the case proceeded to the jury, which returned a verdict in favor of Kerlin for $20,000.00. The jury's verdict in favor of Kerlin necessarily included a finding of punitive damages for wilful trespass, as the actual damages proven were between $2,500.00 and $7,500.00.
St. Regis appeals. The controlling issue is whether a directed verdict should have been granted in favor of St. Regis because of Kerlin's failure to post a supersedeas bond in his previous appeal.
The common law rule, that an appeal automatically superseded the judgment, in and of itself, has been changed to the extent that an appeal does not ordinarily supersede the judgment in the absence of a supersedeas bond. Moore v. LeFlore, 288 Ala. 315, 260 So.2d 585 (1972). Under Rule 62, A.R.Civ.P., and Rule 8 (c), A.R. A.P., a supersedeas bond must be posted in order to stay the execution of a judgment.
In the original action, Kerlin did not post a supersedeas bond, and, therefore, the execution of the judgment quieting title in favor of Tensaw was not suspended pending appeal. A judgment rendered by a court having jurisdiction protects the parties acting under it before a reversal or stay and constitutes a sufficient justification for all acts done in its enforcement before it is set aside on appeal. 5 Am.Jur.2dAppeal and Error § 997 (1962). Likewise, rights acquired by third persons under a valid judgment will ordinarily be sustained notwithstanding subsequent reversal. 5 Am.Jur.2dAppeal and Error § 958 (1962).
Since Kerlin failed to post a supersedeas bond, the trial court's judgment that Tensaw owned the property remained valid and enforceable until that judgment was reversed on appeal.Kerlin v. Tensaw Land and Timber Co., 390 So.2d 616 (Ala. 1980). Until the judgment was reversed, Tensaw had all the rights of the true property owner, including the right to lease the property and to have its lessee continue its tree farming operation. The acts of either Tensaw or St. Regis Paper Co. under such a judgment, therefore, cannot be made the basis of an action for damages in tort. A directed verdict, therefore, should have been granted in favor of St. Regis on the conversion, trespass, and willful trespass claims. Nevertheless, Kerlin may still be able to recover under the equitable theory of restitution.
When a judgment is reversed on appeal, the general rule is that the party who received the benefit thereof must make restitution to the other party of money or property received. There is, however, no absolute right to restitution upon reversal. It is an equitable remedy which rests in the sound discretion of the trial court and is to be awarded within the "spirit and policy of the law to promote and compel, when there are not facts and circumstances which may render restitution inequitable." Maslankowski v. Carter, 291 Ala. 8, 277 So.2d 91
(1973) (quoting McCall v. McCurdy, 69 Ala. 65 (1881)). Where one acquires possession of land under a decree which is subsequently reversed, restitution may be properly awarded.Lehman-Durr Co. v. Folmar, 154 Ala. 480, 45 So. 289 (1907). A decree of restitution is intended to restore to the aggrieved party that which he lost in consequence of the erroneous judgment. Lehman-Durr Co. v. Folmar, 166 Ala. 325, 330,51 So. 954 (1909). The remedy of restitution is based upon the principle of avoiding unjust enrichment of one at the expense of another. Shaffer v. Reed, 456 So.2d 1082 (Ala. 1984).
Possession of the disputed property was restored to Kerlin upon reversal; however, all of the timber had been removed from the land by St. Regis Paper Company during the pendency of appeal.
Liability for restitution is ordinarily restricted to the parties to a suit; however, a third party who receives the money or property, and who is not a bona fide purchaser, may, in some circumstances, be compelled to make restitution upon *Page 67 
reversal. 5 C.J.S., Appeal and Error, § 1982 (1958).Radermacher v. Eckert, 63 Idaho 531, 123 P.2d 426 (1942); but see, Harris v. Jim Stacy Racing, Inc., 53 N.C. App. 597,281 S.E.2d 455 (1981).
St. Regis was not a party to the original action to quiet title, yet it received the benefits from cutting the timber. As long-term lessee of the property, since November 26, 1956, there was an apparent close connection between St. Regis and Tensaw. There was also evidence, although contraverted, that St. Regis knew of the dispute over the land and the pending appeal and yet cut the timber anyway. Upon reversal of the trial court's decree, St. Regis, having theretofore received benefits, arguably became liable to Kerlin in restitution for such benefits. Radermacher v. Eckert, supra.
It appears that in the instant case justice and equity may require that Kerlin be restored to the position he occupied prior to the rendition of the erroneous judgment. However, since the trial court did not address the issue of restitution, we remand this cause for an equitable determination of whether St. Regis is liable for restitution to Kerlin.
We also note that upon review we find no merit in St. Regis's argument that the trial court erred in directing a verdict on its counterclaim for a prescriptive easement.
We, therefore, reverse, based upon our conclusion that the trial court should have directed a verdict in favor of St. Regis on the trespass, conversion, and willful trespass claims, and remand for the trial court's consideration of the equitable issue of restitution.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.
[1] Kerlin also brought several other claims which were dismissed on summary judgment and which were not made the basis of this appeal.