RUSSELL, Judge.
The father appeals from a judgment entered in restitution proceedings. In Hermsmeier v. McCoy, 591 So.2d 508 (Ala. Civ.App.1991), this court reversed the trial court’s judgment, which granted the mother custody of the parties’ daughter and an increase in child support for the parties’ son. The father then filed a motion to tax costs and a motion for relief, seeking costs and restitution for the sums paid to the mother pursuant to the trial court’s judgment.
The trial court granted the motion to tax costs and ordered the reimbursement of $900 in additional child support paid by the father under the reversed order. It found that “all other sums paid by the [father] to the [mother] were, in fact, used by the [mother] as child support and for the benefit of the parties’ minor children and further [found] that ... restitution of such sums to the [father] would be unfair and inequitable.” We affirm.
The father testified that he paid $600 per month in child support and $200 per month in retroactive child support from December 1990 through August 1991, at which time, pursuant to the order of this court, he resumed payment of $250 per month in child support for the son. He further testified that the daughter was married and no longer living at home and that she had lived with the mother pursuant to the trial court’s order from April 1990 until her marriage in June 1991.
The mother testified that the daughter began living with her in April 1990 by agreement of the parties, the weekend pri- or to the trial court’s pendente lite order granting her custody of the daughter. She further testified that she fully supported the daughter until her marriage in June 1991, providing a home, food, and clothing, and providing her with an automobile, money for a vacation, an allowance of $30 per week, dues and fees for school activities, conventions, teas, and functions, and fees for the daughter to attend Weight Watchers meetings. She stated that it would create a financial hardship to have to pay back the money to the father.
The father contends that he is entitled to the restitution of all amounts paid over $250 per month, for a total of $6,018.60, rather than the $1,868.60 in costs and child support awarded to him by the trial court.
The mother responds by saying that it would be inequitable and unjust to order full restitution to the father because the daughter resided with her and was fully supported by her from April 1990 to June *1370 1991. She further states that both parents are obligated to provide for the support of their children and that the father had an obligation to support the daughter during the period of time that she lived with the mother.
“When a judgment is reversed on appeal, the general rule is that the party who received the benefit thereof must make restitution to the other party of money or property received. There is, however, no absolute right to restitution upon reversal. It is an equitable remedy which rests in the sound discretion of the trial court and is to be awarded within the ‘spirit and policy of the law to promote and compel, when there are not facts and circumstances which may render restitution inequitable.’ Maslankowski v. Carter, 291 Ala. 8, 277 So.2d 91 (1973) (quoting McCall v. McCurdy, 69 Ala. 65 (1881)).”
St. Regis Paper Co. v. Kerlin, 476 So.2d 64, 66 (Ala.1985). Furthermore, children, until they reach the age of majority, have a fundamental right to support from their parents, and basic morality and the laws of this state require a father to contribute to the support of his minor children. State Department of Human Resources v. Haney, 568 So.2d 1231 (Ala.Civ.App.1990). See also Ex parte University of South Alabama, 541 So.2d 535 (Ala.1989).
In view of the above, and the evidence that the daughter lived with the mother and that the mother provided her with necessities, as well as funds for numerous extracurricular activities, we hold that the trial court’s finding, that restitution of child support used for the support of the minor children would be unfair and inequitable, was within its sound discretion. The judgment is due to be affirmed.
Both parties’ requests for attorneys’ fees for representation on appeal are denied.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.