I agree that the Department of Human Resources has not shown a clear legal right to the relief sought, and that its petition for a writ of mandamus is due to be denied. I join the court's opinion on the sovereign immunity issue, but I concur in the result only on the restitution issue. *Page 1277 
I do not believe that Ex parte McCurley, 412 So.2d 1236
(Ala. 1982), is authority for the trial court's order directing the State of Alabama to reimburse Rorer for the seven years of child support payments he made. McCurley mandated that a criminal defendant convicted under an unconstitutional statute be reimbursed for the fine she paid following her conviction.
There are two distinctions between this case andMcCurley. First, the order in McCurley was absolutely void because the statute under which it was imposed was unconstitutional as applied to the criminal defendant. Here, however, the 1984 adjudication of paternity and the order of child support were valid when entered (voidable but not void), and remained unchallenged for seven years. Second, the fine inMcCurley was imposed as a punitive measure and affected the rights of no one other than the criminal defendant. In this case, the paternity adjudication and the order of child support were not punitive, and they affected the rights of the mother and her minor child.
In my judgment, McCurley does not answer the restitution issue. At least one other jurisdiction has concluded that restitution may be ordered under similar circumstances. SeeMathison v. Clearwater County Welfare Dep't, 412 N.W.2d 812
(Minn.App. 1987). However, restitution is an equitable remedy which
 " 'is not of mere right. It is ex gratia, resting in the exercise of a sound discretion, and the court will not order it where the justice of the case does not call for it, nor where the process is set aside for a mere slip.' Gould v. McFall, 118 Pa. 455, 456, 12 A. 336, citing Harger v. Washington County, 12 Pa. 251. There are other decisions to the same effect. Alden v. Lee, I Yeates (Pa.) 207; Green v. Stone, 1 Har. J. (Md.) 405; State v. Horton, 70 Neb. 334, 97 N.W. 434; Teasdale v. Stoller, 133 Mo. 645, 652, 34 S.W. 873. 'In such cases the simple but comprehensive question is whether the circumstances are such that equitably the defendant should restore to the plaintiff what he has received.' Johnston v. Miller, 31 Gel. Russ. 83, 87." Shaffer v. Reed, 456 So.2d 1082, 1085 (Ala. 1984).
In order to decide whether the equities of this case call for restitution, the trial court should determine whether the doctrines of estoppel or laches bar Rorer from receiving reimbursement.