We granted the writ of certiorari directed to the Court of Criminal Appeals to review a question of first impression: whether monies paid as fine and costs imposed after pleas of guilty to criminal charges made pursuant to a statute subsequently determined, retroactively, to be unconstitutional in its application to defendant, must be refunded?
Petitioner, Lula Mae McCurley, pleaded guilty in 1978 to charges of sale of pentazocine hydrochloride (Talwin) in violation of the Alabama Uniform Controlled Substances Act, Code 1975, §§ 20-2-1, et seq. She received a five year suspended sentence and was ordered to pay a fine in the amount of $5,000 and court costs totalling $307.70, both of which she duly paid.
Subsequently, this court ruled in McCurley v. State,390 So.2d 25 (Ala. 1980), that Talwin had not been classified as a controlled substance under the requirements of the Act and we, therefore, reversed McCurley's conviction for its sale. Following that decision, McCurley petitioned the trial court for the writ of habeas corpus to vacate the conviction and sentence. The trial court granted her requested relief and also ordered that she be repaid the amounts of the fine and court costs, from which judgment the State appealed.
The Court of Criminal Appeals affirmed the trial court's judgment insofar as it vacated the conviction and sentence, but reversed as to the order for the State to repay the fine and court costs, saying:
 "We find no authority for the trial court to order the state to repay to the petitioner the fine and court costs paid in the prior case in question. The order of the trial court amounts to a money judgment against the state and in our opinion violates Article I, § 14, Constitution of Alabama 1901.
". . .
 ". . . [T]he only relief available to persons such as the instant petitioner would be a `relief bill' by the legislature or a claim filed with the State Board of Adjustment per § 41-9-60, et seq., Code of Ala. 1975."
We find no Alabama case which has addressed the issue here presented. However, this very question was considered by the federal district court in United States v. Lewis, 342 F. Supp. 833
(E.D.La. 1972), aff'd 478 F.2d 835 (5th Cir. 1973), which declared:
 ". . . While there are no means available to compensate a person who has been imprisoned for violating a statute that is subsequently found constitutionally void and retrospectively applied, there is always a means for such a person to recoup his losses when the loss takes the form of a monetary fine. The Fifth Amendment prohibition against the taking of one's *Page 1238 
property without due process of law demands no less than the full restitution of a fine that was levied pursuant to a conviction based on an unconstitutional law. Fairness and equity compel this result, and a citizen has the right to expect as much from his government, notwithstanding the fact that the government and the court were proceeding in good faith at the time of prosecution."
In Lewis, the federal government asserted, as does the State here, the defenses of sovereign immunity and availability to petitioner of another remedy. In affirming the lower court's decision, the Fifth Circuit addressed these issues as follows:
 "This cause would require less in the way of adjudication if the party holding funds exacted under an unconstitutional statute was not an entity which could and does assert sovereignty as justification for its refusal to restore such funds to them from whom they were received.
". . .
 "The Government concedes, although it has little choice to do otherwise, that the judgments of the district court must be affirmed insofar as they set aside the convictions of Lewis and Willoz. The Government asserts that, although the statute under which the fines were imposed [was] in violation of the Constitution, nevertheless if there is to be any recovery, which the Government does not concede, it must be by a separate action brought under the Tucker Act. 28 U.S.C.A. § 1346 (a). This statute is one which confers a jurisdiction upon the district courts. It is not procedural. We can see no reason why a person who has paid a fine pursuant to an unconstitutional statute should be required to resort to a multiplicity of actions in order to obtain reimbursement of money to which he is entitled. Since the district court was empowered to set aside the conviction, it could also correct the unlawful result of the conviction and require the repayment of the money collected as fines. . . .
 "The Government says that the appellants cannot recover in any event or by any existing remedial procedure because there is no express statutory authority for such relief. Just as the imposition of a fine is an incident of a criminal conviction, so is the direction for repayment an incident to the vacating and setting aside of the conviction."
478 F.2d at 836.
Reasoning similarly, the Supreme Court of South Dakota inState v. Piekkola, 90 S.D. 335, 241 N.W.2d 563 (1976), pronounced:
 ". . . Even as the court had the right to set aside Defendant's conviction it had the right and the duty to set aside the resulting sentence, including the fine and court costs imposed. Once the conviction had been set aside the state was without a right to collect or retain the fine and costs and Defendant had a lawful expectation of their return. The refund was incident to the vacation of the judgment in question.
". . .
 ". . . To petition for the return of a fine and of costs imposed on the basis of unlawful authority is no more a suit against the state barred by sovereign immunity than to petition or file for the return of money paid to the government as income tax in excess of the amount due. To make more of the action than that offends common sense and severely distorts the image of justice as fairness."
And in People v. Meyerowitz, 61 Ill.2d 200, 335 N.E.2d 1
(1975), the Supreme Court of Illinois concluded:
 ". . . We are of the opinion that the money, having been received in payment of fines imposed as an incident to judgments of conviction, should be ordered refunded as an incident to the vacation of the judgments under which it was ordered paid."
Our thinking accords with the rationale and holdings of these decisions from other jurisdictions. We therefore conclude the trial court was acting both within its authority, and judiciously, in ordering repayment of the amounts of the fine and court costs to McCurley. Equity and fairness demanded no less. *Page 1239 
The judgment of the Court of Criminal Appeals is due to be reversed and this case is hereby remanded to that court for entry of judgment consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.