THIGPEN, Judge.
This is a paternity case.
In January 1991, the State of Alabama, on the relation of Sandra Wells, filed a complaint alleging that Billy Mitchell was the father of Wells’s minor son, and seeking child support. Both parties submitted to court-ordered blood testing, which reflected a 99.27% probability of paternity. Upon Mitchell’s failure to answer or appear for trial, a default judgment was entered against Mitchell in August 1991, finding him to be the father, setting child support, and ordering reimbursement to the State for its expenditures regarding medical bills related to the birth and blood testing.
Following a denial of Mitchell’s motion to set aside the default judgment, Mitchell appealed to the circuit court for a trial de novo. In February 1992, pursuant to a jury trial on the issue of paternity, Mitchell was again found to be the father. Mitchell filed a post-trial motion for a judgment notwithstanding the verdict, and the State filed a motion requesting that the trial court set child support. The trial court denied Mitchell’s motion in April 1992, whereafter Mitchell appealed to this court, prior to any order setting child support.
Our review of the record disclosed that while the trial court properly entered the findings and verdict of the jury, no entry of judgment was entered by the trial court in conformity therewith; thus, this court, in August 1992, reinvested the trial court with jurisdiction for entry of a judgment in compliance with Rule 58, A.R.Civ.P.
On remand, the trial court entered the following order:
“In accordance with the verdict of the Jury heretofore rendered in this cause on February 10, 1992, it is hereby ordered, adjudged and decreed by the Court that the parent-child relationship exists between the defendant and the minor child.”
Following entry of this order, the State filed its motion to dismiss the appeal, contending that the trial court’s order is not a final appealable judgment because of its failure to enter an order of support in accordance with Ala.Code 1975, § 26-17-14(a). We agree. This precise issue was before this court in Washington v. State ex rel. King, 537 So.2d 967 (Ala.Civ.App.1988), wherein this court held that “a final judgment in a paternity suit must include an order of child support payments.” Washington at 968. In the absence of a final judgment, no appeal will lie. Hardy v. State ex rel. Chambers, 541 So.2d 566 (Ala.Civ.App.1989).
APPEAL DISMISSED.
ROBERTSON, P.J., and RUSSELL, J., concur.