This paternity proceeding began in 1984 pursuant to an action filed by the State of *Page 657 
Alabama ex rel. Sandra Hillman, alleging Alan Rorer to be the father of a minor child born on September 12, 1983.
Rorer filed an answer denying paternity, and he also filed a request for blood tests. Rorer's request for blood testing was never granted; however, he was adjudicated to be the father of Hillman's child on December 6, 1984, even though he appeared in court with the money to pay for the blood tests. Over the next several years during various proceedings, Rorer continued to request blood tests.
In 1991, after a change in trial judges, the new trial judge granted Rorer's motion and ordered blood tests. The blood tests showed that Rorer could not be the father of Hillman's child.
Following further proceedings, Rorer was granted certain relief and, in effect, was found not to be the father of the child. The State of Alabama ex rel. Hillman filed a notice of appeal to the circuit court for a trial de novo. After appeal to the circuit court, Rorer filed a jury demand.
The State's motion for summary judgment was denied, and the case proceeded to a jury trial. Following the taking of testimony from both parties, the trial court granted Rorer's motion for a directed verdict.
The sole issue before this court on appeal is whether the doctrine of res judicata should have been applied in this case to prevent the retrial of the issue of paternity in circuit court. The State's contention is that the doctrine of res judicata should have prevented the re-litigation of paternity.
We find that when the State appealed from the juvenile court to the circuit court for a trial de novo, any res judicata defense was waived. As Rorer points out in his brief, when an appeal is taken from the juvenile court to the circuit court for a trial de novo, any error committed in the juvenile court is deemed to have been waived. Alabama Equity Corp. v. Hall,46 Ala. App. 143, 239 So.2d 215 (Ala.Civ.App. 1970).
Also, § 12-15-120(a) and (b), Code 1975, provides that an aggrieved party, including the state, may appeal from a judgment of the juvenile court to the circuit court where the case shall be tried de novo. Trial de novo means a new trial in circuit court in which the whole case is retried as if no trial whatever had been had in the juvenile court. Alabama EquityCorp.; Black's Law Dictionary 1349 (5th ed. 1979).
We find the State's contentions to be without merit, and we hold that the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.