674 So.2d 1274 (1995)
Ex parte STATE DEPARTMENT OF HUMAN RESOURCES.
(Re FRANKLIN COUNTY DEPARTMENT OF HUMAN RESOURCES v. Alan RORER).
AV93000803.
Court of Civil Appeals of Alabama.
February 3, 1995.
*1275 William Prendergast, Sharon E. Ficquette and Mary E. Pons, Asst. Attys. Gen., Dept. of Human Resources, for petitioner.
John Pilati of Fine & McDowell, Russellville, for respondent.
L. CHARLES WRIGHT, Retired Appellate Judge.
In 1984 the Franklin County Department of Human Resources, on behalf of Sandra Hillman, filed an action against Alan Rorer, requesting that he be adjudicated the father of Hillman's minor child. Rorer was determined to be the father and began paying child support at that time.
In 1991 Rorer requested that blood tests be ordered. His request was granted. The results of the tests excluded Rorer from being the biological father of the child. Following proceedings in the district court, Rorer was granted certain relief and, in effect, was found not to be the father of the child.
The Department filed a notice of appeal to the circuit court for a trial de novo. Rorer filed a jury demand.
Rorer subsequently filed a counterclaim, requesting that the circuit court enter an order directing the Department and the mother to return to him all child support payments he had previously made on behalf of the child and ordering the Department and the mother to pay all his costs, expenses, and attorney fees expended defending the matter. He further requested that the Department and the mother pay damages based on commencing and continuing a malicious, harassing proceeding after the blood tests clearly excluded him from being the biological father of the minor child.
A jury trial was held in September 1992. Following the presentation of both parties' cases, the circuit court granted a directed verdict in favor of Rorer. His counterclaim was ordered severed and set for adjudication at a later date.
The Department filed an appeal with this court, attacking a procedural matter. We affirmed the judgment of the trial court. State ex rel. Hillman v. Rorer, 629 So.2d 656 (Ala.Civ.App.1993). The supreme court denied the Department's petition for writ of certiorari. Ex parte State ex rel. Hillman, 629 So.2d 657 (Ala.1993).
Rorer amended his counterclaim to include fictitious defendants X, Y, and Z ("individuals who decided or aided in the decision to pursue the paternity action against [him] after the blood test results were made available"). The counterclaim was again amended to allege that the defendants intentionally and in bad faith initiated a paternity action against him in violation of their own policy and/or under a mistaken interpretation of the law.
The Department filed a motion to dismiss or, in the alternative, a motion for summary judgment, raising sovereign immunity as a defense.
Following a hearing on the matter, the trial court denied the Department's motion, finding that the Department was not constitutionally immune from the suit and that "[t]he amended counterclaim states a cause of action against the counter-defendants which is not due to be dismissed without further discovery."
The Department filed a petition for writ of mandamus in this court, requesting that we order the trial court to dismiss Rorer's counterclaim. It insists that the trial court erred in finding that the Department was not immune from suit.
Mandamus is a drastic and extraordinary writ, to be issued only where there is a clear legal right to the relief sought by the petitioner. Ex parte Leigeber, 623 So.2d 1068 (Ala.1993). Because it is an extraordinary remedy, the standard of review is whether there has been a clear abuse of discretion by the trial court. Ex parte Rudolph, 515 So.2d 704 (Ala.1987). The Department argues that it is clearly and legally entitled to the right of sovereign immunity *1276 protection and that the trial court had no discretion to deny that right of protection.
Article I, § 14, Alabama Constitution of 1901, provides: "the State of Alabama shall never be made a defendant in any court of law or equity." Under this provision the State and its agencies enjoy absolute immunity from suit in any court. Phillips v. Thomas, 555 So.2d 81 (Ala.1989). State officers and employees, in their official capacities and individually, also enjoy absolute immunity from suit when the action is, in effect, one against the State. Phillips. A state employee, however, is not protected by § 14 when "he acts willfully, maliciously, illegally, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law." Phillips.
In its petition and in its supporting brief, the Department argues that it is absolutely immune from suit. If the Department were the only counter-defendant in this action, we could possibly agree. Rorer, however, amended his counterclaim to include fictitious Department employees X, Y, and Z. He alleged that these employees intentionally and in bad faith initiated the paternity action against him in violation of their own policy and/or under a mistaken interpretation of the law. The Department did not object at the hearing or on appeal to Rorer's use of Rule 9(h), Ala.R.Civ.P. (fictitious parties).
In its order denying the Department's motion, the trial court found that "[t]he amended counterclaim states a cause of action against the counter-defendants which is not due to be dismissed without further discovery." If Rorer's not yet discovered facts support his allegations, it is possible that the employees of the Department will not be protected by immunity. (We express no opinion regarding the underlying facts, as we have no facts before us.) We do not find a clear abuse of the trial court's discretion in this matter.
The trial court further found:
"The Franklin County Department of Human Resources is not constitutionally immune from suit on the counterclaim, as amended, since the original proceeding was brought in the name of the State of Alabama, was prosecuted by that entity, and the State of Alabama acted as a collection agency for [Rorer's] child support payments beginning in 1985."
The trial court could have reached this decision based on the rationale of Ex parte McCurley, 412 So.2d 1236 (Ala.1982). With the facts, or lack thereof, that it had before it, we find no clear abuse of discretion with the trial court's finding. It further appears that the petitioners will have a right of appeal available.
The Department has failed to demonstrate a clear, legal right to the order sought. The petition is due to be denied.
For future reference, we note that the following statute has been recently enacted:
"In any decree setting aside an order of paternity pursuant to this chapter, there shall be no claim for damages against the court rendering the initial order of paternity nor any reimbursement or recoupment of money or damages against the mother, the State, or any employee or agent of the State."
Ala.Code 1975, § 26-17A-2.
The statute became effective April 26, 1994. Therefore, it has no application to the facts of this case.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
WRIT DENIED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.
CRAWLEY, J., concurs in the result.
CRAWLEY, Judge, concurring in the result.
I agree that the Department of Human Resources has not shown a clear legal right to the relief sought, and that its petition for a writ of mandamus is due to be denied. I join the court's opinion on the sovereign immunity issue, but I concur in the result only on the restitution issue.
*1277 I do not believe that Ex parte McCurley, 412 So.2d 1236 (Ala.1982), is authority for the trial court's order directing the State of Alabama to reimburse Rorer for the seven years of child support payments he made. McCurley mandated that a criminal defendant convicted under an unconstitutional statute be reimbursed for the fine she paid following her conviction.
There are two distinctions between this case and McCurley. First, the order in McCurley was absolutely void because the statute under which it was imposed was unconstitutional as applied to the criminal defendant. Here, however, the 1984 adjudication of paternity and the order of child support were valid when entered (voidable but not void), and remained unchallenged for seven years. Second, the fine in McCurley was imposed as a punitive measure and affected the rights of no one other than the criminal defendant. In this case, the paternity adjudication and the order of child support were not punitive, and they affected the rights of the mother and her minor child.
In my judgment, McCurley does not answer the restitution issue. At least one other jurisdiction has concluded that restitution may be ordered under similar circumstances. See Mathison v. Clearwater County Welfare Dep't, 412 N.W.2d 812 (Minn.App.1987). However, restitution is an equitable remedy which
"`is not of mere right. It is ex gratia, resting in the exercise of a sound discretion, and the court will not order it where the justice of the case does not call for it, nor where the process is set aside for a mere slip.' Gould v. McFall, 118 Pa. 455, 456, 12 A. 336, citing Harger v. Washington County, 12 Pa. 251. There are other decisions to the same effect. Alden v. Lee, 1 Yeates (Pa.) 207; Green v. Stone, 1 Har. & J. (Md.) 405; State v. Horton, 70 Neb. 334, 97 N.W. 434; Teasdale v. Stoller, 133 Mo. 645, 652, 34 S.W. 873. `In such cases the simple but comprehensive question is whether the circumstances are such that equitably the defendant should restore to the plaintiff what he has received.' Johnston v. Miller, 31 Gel. & Russ. 83, 87." Shaffer v. Reed, 456 So.2d 1082, 1085 (Ala. 1984).
In order to decide whether the equities of this case call for restitution, the trial court should determine whether the doctrines of estoppel or laches bar Rorer from receiving reimbursement.