PER CURIAM.
The Franklin County Department of Human Resources, after having been denied relief in the Court of Civil Appeals,[1] petitioned this Court for a writ of mandamus and for an immediate stay of an order issued by Judge John D. Jolly, of the 34th Judicial Circuit. Judge Jolly’s order had held that the Franklin County Department of Human Resources was not constitutionally immune from a suit brought by Alan Rorer.
Alan Rorer had filed a counterclaim against the Department, alleging that the Department and certain fictitiously named Department employees had “maliciously, willfully and/or wantonly and/or without probable cause therefor, initiated [against him] a paternity action,” which he says later ended with a directed verdict in his favor.
The facts are sufficiently set out by the Court of Civil Appeals in its opinion in Ex parte State Department of Human Resources, 674 So.2d 1274 (Ala.Civ.App.1995), in which that court denied the Defendant the same relief it requests here. We adopt and quote the Court of Civil Appeals’ statement of those pertinent facts:
“In 1984 the Franklin County Department of Human Resources, on behalf of Sandra Hillman, filed an action against Alan Rorer, requesting that he be adjudicated the father of Hillman’s minor child. Rorer was determined to be the father and began paying child support at that time.
“In 1991 Rorer requested that blood tests be ordered. His request was granted. The results of the tests excluded Rorer from being the biological father of the child. Following proceedings in the district court, Rorer was granted certain relief and, in effect, was found not to be the father of the child.
“The Department filed a notice of appeal to the circuit court for a trial de novo. Rorer filed a jury demand.
“Rorer subsequently filed a counterclaim, requesting that the circuit court enter an order directing the Department and the mother to return to him all child support payments he had previously made on behalf of the child and ordering the Department and the mother to pay all his costs, expenses, and attorney fees expended defending the matter. He further requested that the Department and the mother pay damages based on commencing and continuing a malicious, harassing proceeding after the blood tests clearly *1279 excluded him from being the biological father of the minor child.
“A jury trial was held in September 1992. Following the presentation of both parties’ cases, the circuit court granted a directed verdict in favor of Rorer. His counterclaim was ordered severed and set for adjudication at a later date.
“The Department filed an appeal with this court, attacking a procedural matter. We affirmed the judgment of the trial court. State ex rel. Hillman v. Rorer, 629 So.2d 656 (Ala.Civ.App.1993). The supreme court denied the Department’s petition for writ of certiorari. Ex parte State ex rel. Hillman, 629 So.2d 657 (Ala.1993).
“Rorer amended his counterclaim to include fictitious defendants X, Y, and Z (‘individuals who decided or aided in the decision to pursue the paternity action against [him] after the blood test results were made available’). The counterclaim was again amended to allege that the defendants intentionally and in bad faith initiated a paternity action against him in violation of their own policy and/or under a mistaken interpretation of the law.
“The Department filed a motion to dismiss or, in the alternative, a motion for summary judgment, raising sovereign immunity as a defense.
“Following a hearing on the matter, the trial court denied the Department’s motion, finding that the Department was not constitutionally immune from the suit and that ‘the amended counterclaim states a cause of action against the counter-defendants which is not due to be dismissed without further discovery.’
“The Department filed a petition for wilt of mandamus in this court, requesting that we order the trial court to dismiss Rorer’s counterclaim. It insists that the trial court erred in finding that the Department was not immune from suit.”
674 So.2d at 1275.
In denying relief, the Court of Civil Appeals held, in part, as follows:
“The trial court could have reached this decision based on the rationale of Ex parte McCurley, 412 So.2d 1236 (Ala.1982). With the facts, or lack thereof, that it had before it, we find no clear abuse of discretion with the trial court’s finding.”
674 So.2d at 1276.
I.
We first address the issue whether the Franklin County Department of Human Resources is immune from suit pursuant to the provisions of Art. 1, § 14, Alabama Constitution of 1901.
This Court recognized in Mitchell v. Davis, 598 So.2d 801, 806 (Ala.1992), that a county department of human resources is considered to be a State agency for purposes of asserting the defense of sovereign immunity. Based on Mitchell, we hold that the Franklin County Department of Human Resources is a State agency. Article I, § 14, Alabama Constitution of 1901, provides that “the State of Alabama shall never be made a defendant in any court of law or equity.” Under this provision, the State and its agencies have absolute immunity from suit in any court. Barnes v. Dale, 530 So.2d 770 (Ala.1988). At this time, the only actual party named as a defendant in Rorer’s counterclaim is the Franklin County Department of Human Resources; no particular employee of the Department has been named as a Defendant, although the complaint fictitiously names three of the Department’s employees as defendants.[2]
II.
We now address the second issue in this case, that being whether this Court should adopt the so-called “collateral order doctrine” employed by the federal courts to permit review of rulings denying claims of sovereign immunity. The Department, joined by the attorney general, who has filed *1280 an amicus cwriae brief, strongly urges this Court to adopt the collateral order doctrine in Alabama[3] and to treat the petition as an interlocutory appeal.
We have carefully examined the arguments made for adopting the collateral order doctrine, but we decline to adopt it at this time. We point out that Rule 5, Ala.R.App.P., provides an adequate remedy for a state agency or employee seeking review of a lower court order denying a claim of sovereign immunity. In this connection, we would also point out that “Rule 5 is a composite of [Fed.R.App.P.] 5, and 28 U.S.C. § 1292(b).” Comment to Rule 5, Ala.R.App.P.
Based on the foregoing, we decline to adopt the collateral order doctrine, but we issue the writ of mandamus. The Circuit Court of Franklin County is directed to dismiss Rorer’s counterclaim against the Franklin County Department of Human Resources.
WRIT GRANTED.
HOOPER, C.J., and SHORES, HOUSTON, and INGRAM, JJ., concur.
COOK and BUTTS, JJ., concur specially.
MADDOX, J., concurs in the judgment and in Part I of the opinion and dissents from Part II of the opinion.

. The Department had initially, on July 28, 1994, filed in the Court of Civil Appeals a document styled "Petition To Appeal from an Interlocutory Order or for Alternative Writ of Mandamus or Other Prohibition or other Extraordinary Writ or Petition to Appeal.” In that petition, it sought the same relief that it now seeks in this Court. The Court of Civil Appeals denied the petition on February 3, 1995. See, Ex parte State Department of Human Resources, 674 So.2d 1274 (Ala.Civ.App.1995).

. Rorer amended his counterclaim to fictitiously name Department employees X, Y, and Z. He alleged that these employees had intentionally and in bad faith initiated the paternity action against him in violation of the Department’s own policy and/or under a mistaken interpretation of the law. The Department has not objected to Rorer’s use of Rule 9(h), Ala.R.Civ.P., which relates to fictitious party practice.

. The attorney general states in his brief that 36 boards, departments, and agencies of the State of Alabama join him in his request that this Court adopt the collateral order doctrine.