CRAWLEY, Judge.
In September 1994, Honorio Montanez, a/k/a Samuel Montanez, sued QuestCare, Inc., Dr. Harold Q. Wilson, and Charles E. Jones, the warden of Holman Prison. Mon-tanez alleged that the defendants had violated his civil rights by providing inadequate medical care during his incarceration at Holman Prison. Montanez requested the trial court to declare that the defendants had violated his civil rights, to enjoin the defendants from ignoring his requests for medical treatment, to order the defendants to perform certain medical procedures, and to award him damages for medical malpractice. The trial court entered a summary judgment for all defendants.
Montanez argues that the trial court erred in entering summary judgment for all the defendants. A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), A.R.Civ.P. Moreover,
“In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present ‘substantial evidence’ creating a genuine issue of material fact — ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’”
Capital Alliance Insurance Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala.1994) (citations omitted).
In a medical malpractice ease, “once the defendant offers expert testimony in his behalf (albeit his own opinion), establishing lack of negligence, the defendant is entitled to a summary judgment, unless the plaintiff counters the defendant’s evidence with expert testimony in support of the plaintiffs claim.” Swendsen v. Gross, 530 So.2d 764, 768 (Ala.1988). See also, Ala.Code 1975, § 6-5-548. Montanez presented no expert testimony to oppose Dr. Wilson’s affidavit stating that he had administered adequate medical care to Montanez. Therefore, the trial court properly entered the summary judgment for the defendants on the claim of malpractice.
Montanez further argues he was deprived of adequate medical treatment and that that deprivation violated his constitutional rights as a prisoner. The United States Supreme Court has held:
“We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the ‘unnecessary and wanton infliction of pain,’ ... proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner’s needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner’s serious illness or injury states a cause of action under § 1983.”
Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).
In his affidavit Montanez states that he requested several medical treatments that were not provided. Specifically, Montanez states that he requested a hearing test, a new diet that would not aggravate his diabetes, and treatments to relieve severe pain in his leg. In his affidavit, Dr. Wilson stated that he successfully removed a benign lesion from Montanez’s leg. Dr. Wilson further stated that Montanez is not dependent on insulin to treat his diabetes and that he refuses to take his oral medication for diabetes. Dr. Wilson also stated that he had *468 never denied Montanez a hearing test and that Montanez did not inform anyone of hearing problems when Dr. Wilson examined inmates at sick call screening.
The United States Court of Appeals for the Eleventh Circuit has stated that an inmate’s preference for treatment different from that administered by the health care providers does not amount to a violation of the Eighth Amendment. Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir.1985). In this case, we conclude that the trial court properly entered the summary judgment for the defendants on the claim that the medical treatment administered to Montanez violated the Eighth Amendment. Montanez failed to present substantial evidence that Dr. Wilson was deliberately indifferent to Montanez’s need for medical treatment. Montanez merely disagrees with the prescribed treatments and disputes some of Dr. Wilson’s diagnoses. The fact that Montanez has a disagreement does not indicate a violation of the Eighth Amendment.
AFFIRMED.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result only.