On December 18, 1995, Cedric Perry, a prisoner at Holman Prison, filed a petition for a writ of mandamus in the Montgomery County Circuit Court. Perry requested that the trial court order the Alabama Department of Corrections and Correctional Medical Services, Inc., a medical organization that contracted with the Department to provide medical services to prisoners, to provide him with reconstructive surgery. Perry had a colostomy shortly before his incarceration in 1991. The Department filed a motion to have the case transferred to the Escambia County Circuit Court, which was granted.
Thereafter, the Department and Correctional Medical Services filed a motion to dismiss. On June 25, 1996, the trial court entered an order denying Perry's petition. Perry appeals the trial court's denial of his petition for a writ of mandamus. *Page 25 
"We note at the outset that in an appeal from the trial court's denial of a petition for a writ of mandamus, 'this court must indulge all reasonable presumptions in favor of the correctness of the judgment appealed from.' " Kilgore v. JasperCity Bd. of Education, 624 So.2d 603, 604 (Ala.Civ.App. 1993) (quoting Huffstutler v. Reese, 510 So.2d 275, 277
(Ala.Civ.App. 1987)).
Mandamus is a drastic and extraordinary writ and is to be issued only where there is a clear legal right to the relief sought by the petitioner. Ex parte State Dep't of HumanResources, 674 So.2d 1274 (Ala.Civ.App. 1995). Because it is an extraordinary remedy, the standard of review is whether there has been a clear abuse of discretion by the trial court.Id. Perry asserts that he is entitled to medical care and that, therefore, he is entitled to the reconstructive surgery.
An inmate in a state penal institution has a constitutional right to adequate medical treatment. Estelle v. Gamble,429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Fountain v.State, 648 So.2d 591 (Ala.Civ.App. 1994). This court has further held that "[a]n evidentiary hearing is warranted in order for the trial court to determine whether an inmate in a state penal institution is receiving adequate medical attention." Fountain, 648 So.2d at 592 (citations omitted).
However, on appeal, Perry does not claim that he has been denied adequate medical attention. He asserts that he needs "corrective surgery . . . to be able to dispose [of] his body wastes like a normal human being." The record reflects that Perry is supplied colostomy bags and that his medical condition is monitored by the prison's medical staff. Additionally, Perry has also filed grievances and has had hearings on those grievances. A grievance officer determined that the surgery requested by Perry is not medically necessary because Perry is not experiencing any problems with his colostomy.
Based upon our review of the record, we conclude that Perry is receiving adequate medical treatment and that the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
All the Judges concur.