MADDOX, Justice.
Combined Insurance Company of America (“Combined”), the defendant in an action pending in the Greene Circuit Court, petitions for a writ of mandamus directing Judge Eddie Hardaway, Jr., to declare a mistrial. Combined contends that it is entitled to a mistrial because, it says: (1) the jury is partial because one of the jurors is represented by the plaintiffs’ counsel in another pending case and a few of the jurors know the plaintiffs; (2) the trial court failed to properly consider Combined’s Batson[1] motion; (3) the trial court abused its discretion in continuing the case to allow the plaintiffs’ attorney to take a previously undisclosed trip to Puerto Rico; (4) the jury may become tainted because of the continuance; and (5) the trial judge has shown bias against Combined.
The writ of mandamus is a drastic and extraordinary writ, and certain criteria must be met before it will be issued. A writ of mandamus will be issued only when there is (1) á clear legal right in the petitioner to the relief sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (8) lack of another adequate remedy; and (4) properly invoked jurisdiction of this Court. Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala.1990).
The arguments Combined makes in its petition may be raised on a direct appeal by Combined; therefore, Combined has not shown that it lacks another adequate remedy.
PETITION DENIED.
HOOPER, C.J., and SHORES, HOUSTON, KENNEDY, COOK, and SEE, JJ., concur.

. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The Batson principles regarding jury selection are applicable in civil cases, Thomas v. Diversified Contractors, Inc., 551 So.2d 343 (Ala.1989).