YATES, Judge.
Samuel L. Brewer appeals from the denial of his petition for a writ of mandamus.
The scant record on appeal indicates that Brewer had been employed by the Muscle Shoals Board of Education for 26 years. On September 5,1996, the Board voted to cancel Brewer’s employment as principal of Webster Elementary School. On September 10, 1996, Brewer’s attorney sent a letter to Dr. Paul R. Hubbert, the executive secretary of the Alabama Education Association, notifying him that Brewer intended to appeal the Board’s decision to the Alabama State Tenure Commission. A courtesy copy of this letter was also sent to William K. Hewlett, the Board’s attorney, who had represented the Board in the proceedings to cancel Brewer’s contract. A notice of appeal was never sent to the Board’s superintendent, Dr. Jim Douglas, or to the Board’s chairman, Max Eady.
On October 7, 1996, Hewlett sent an original and eight copies of the transcript from the Board’s hearing to the chairman of the Tenure Commission and to Brewer’s attorney. Brewer filed a brief with the Tenure Commission on October 25, 1996. On November 8, 1996, the Board filed with the Tenure Commission a brief and a motion to dismiss the appeal. The Board contended that the appeal should be dismissed because Brewer had not properly served a notice of appeal on either the Board’s superintendent or its chairman, as required by § 16-24-10(b), Ala.Code 1975. On November 19, 1996, the Tenure Commission dismissed Brewer’s appeal.
On December 6, 1996, Brewer petitioned the circuit court for a writ of mandamus, seeking an order directing the Tenure Commission to set aside its dismissal of his appeal and to hold a hearing on the merits of the case. On May 7,1997, the trial court entered the following order:
“Based upon the undisputed facts presented by the pleadings and filings of the respondents, it is clear that the Alabama State Tenure Commission properly dismissed Samuel Brewer’s complaint because it lacked jurisdiction under Ala.Code § 16-24-10 (1975), inasmuch as Brewer did not comply with the jurisdictional requirement that he file a written notice of appeal with the superintendent or chairman of the board within 15 days after the decision of the board.
“Based upon the forgoing, it is ORDERED that this action is dismissed, and the costs are taxed against Samuel Brewer.”
In an appeal from the trial court’s denial of a petition for a writ of mandamus, we must indulge all reasonable presumptions in favor of the correctness of the judgment. Perry v. State Dep’t of Corrections, 694 So.2d 24 (Ala.Civ.App.1997). Mandamus is an extraordinary writ and is to be issued only where there is a clear legal right to the relief sought by the petitioner. Id. Because mandamus is an extraordinary remedy, the standard of review is whether there has been a clear abuse of discretion by the trial court. Id.
Section 16-24-10(b), Ala.Code 1975, states, in part:
“(b) The teacher shall have the right to appeal to the State Tenure Commission, as hereinafter established, to obtain a review by the commission as to whether such action was in compliance with this chapter and whether such action was arbitrarily unjust. Such appeal shall be taken by filing within 15 days after the decision of the employing board a written notice of appeal with the superintendent or chair *77 man of said board. If said appeal is not taken within 15 days after decision of the board, the board’s decision shall be final.”
The language of § 16-24-10(b) mandates that the notice of appeal be filed with the superintendent or chairman of the employing board within 15 days of the board’s decision. This language is clear and unambiguous and leaves no room for judicial interpretation. Words in a statute should be given their plain, ordinary, and commonly understood meaning. McGuire Oil Co. v. Mapco, Inc., 612 So.2d 417 (Ala.1992). “If the language.of a statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.” Id., at 423. Because Brewer failed to file a written notice with the superintendent or chairman, he failed to perfect his appeal. We, therefore, conclude that the trial court properly denied Brewer’s petition for a writ of mandamus, because Brewer did not have a clear legal right to the relief sought.
AFFIRMED.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.