721 So.2d 213 (1998)
STATE of Alabama ex rel. B.G.
v.
J.F.P.
2970539.
Court of Civil Appeals of Alabama.
August 21, 1998.
*214 J. Coleman Campbell and Lois Brasfield, asst. attys. gen., Department of Human Resources, for appellant.
Leonard Q. Arrington, Montgomery, for appellee.
THOMPSON, Judge.
On April 4, 1995, the State of Alabama, on behalf of B.G., a minor (hereinafter the "child"), filed a complaint against J.F.P. seeking an adjudication of paternity and child support. The State's complaint was filed in the Circuit Court of Montgomery County, Family Court Division. The court appointed a guardian ad litem for the child. On April 17, 1996, the court entered an order finding J.F.P. to be the biological father of the child and ordering him to pay $1,000 per month in child support.
J.F.P. appealed the Family Court Division's paternity adjudication to the Circuit Court of Montgomery County, Civil Division, pursuant to § 26-17-20, Ala.Code 1975, which provides in part:
"The State of Alabama, the person on the relation of whom the action is brought or the defendant may appeal from any final judgment rendered under the provisions of this chapter. Appeals shall be taken from the juvenile or family court division of either the district or circuit court to the circuit court for a trial de novo...."
(Emphasis added.)
During the appeal to the Civil Division, the State and the child's guardian ad litem each filed a motion for a summary judgment. Attached to each motion were the affidavit of the child's mother regarding the child's paternity and the results of paternity tests from three different laboratories. Two of those paternity tests established a 99.99% probability that J.F.P. was the father of the child; the results of the other test established a 99.35% probability of J.F.P.'s paternity. The Civil Division entered a judgment finding J.F.P. to be the biological father of the child and ordering J.F.P. to pay $1,000 per month in child support. The court also ordered J.F.P. to pay $45,000 in retroactive child support, pursuant to § 26-17-8(a), Ala. Code 1975.[1] J.F.P. appealed the judgment of *215 the Civil Division to this court; that appeal was dismissed, J.F.P. v. State ex rel. B.G., 720 So.2d 1065 (Ala.Civ.App.1997) (table), and the Supreme Court denied certiorari review.
The Civil Division entered an order on March 7, 1997, remanding the case to the Family Court Division for further proceedings. In May 1997, the State filed a contempt petition against J.F.P. in the Family Court Division, alleging that J.F.P. had failed to pay both the retroactive child support and his current child support obligation. On August 1, 1997, J.F.P. filed a motion to modify his child support obligation.
On September 15, 1997, the Family Court Division entered an order that continued to a later date the hearing on J.F.P.'s petition for a modification.[2] In that order, the Family Court Division purported to set aside the child support provisions of the order of the Civil Division. The relevant portion of the family court's order reads in part:
"That certain proceedings were held in the general jurisdiction division of the Circuit Court of Montgomery County with regard to this cause, and jurisdiction has been returned to this Court. The general jurisdiction court would only have had specific jurisdiction as to a jury trial for paternity[3] and other issues concerning support would be under the continuing jurisdiction of the Family Court. Consequently, this Court hereby RESCINDS any and all Orders entered by the [Civil Division] with exception of Orders concerning the issue of paternity of the child. Further hearing herein shall be based upon the prior Judgment entered herein in the [Family Court] Division, ... more specifically, this Court's order of April 17, 1996."
On September 23, 1997, the State filed a motion styled as a "motion to reconsider" the Family Court Division's September 15, 1997, order.[4] In that motion, the State argued that the Civil Division had jurisdiction to establish child support and that the Family Court Division had erred in rescinding the provisions of the Civil Division's order relating to child support. We note that a Rule 59(e) motion may be made only in reference to a final judgment or order. Rule 59(b) and (e), Ala. R. Civ. P.; Nelson v. Landis, 709 So.2d 1299, n. 1 (Ala.Civ.App. 1998); Greer v. Greer, 516 So.2d 719 (Ala.Civ. App.1987). The Family Court Division's September 15, 1997, order was not final because it did not address all issues pending before the court; specifically, it continued to a later date consideration of J.F.P.'s motion to modify his child support obligation. Thus, the State's motion was not a postjudgment motion made pursuant to Rule 59(e), Ala. R. Civ. P.
Other motions that are not relevant to this appeal were also filed by the various parties to this action. After conducting a hearing "on all pending issues," on February 6, 1998, the court entered an order assessing a child support arrearage of over $25,022.56 against J.F.P., which represented the child support arrearage that had accrued since the entry of the Family Court Division's April 17, 1996, child support order. The Family Court Division ordered J.F.P. to pay $500 per month toward the accrued arrearage. However, the court again continued until a later date a hearing on J.F.P.'s motion to modify his child support obligation. On February 18, 1998, J.F.P. filed a "motion to reconsider"; the next day, the trial court denied that motion.
On February 20, 1998, the State appealed to this court from the trial court's February 6, 1998, order. We must first determine *216 whether we have jurisdiction over this matter. The record clearly indicates the parties were aware that there was a question regarding the finality of the trial court's order. Yet, to the dismay of this court, neither party addressed the procedural problems of this case in the briefs on appeal. Although neither party raised the issue, jurisdictional issues are of such significance that an appellate court may take notice of them at any time ex mero motu. Nichols v. Ingram Plumbing, 710 So.2d 454 (Ala.Civ.App.1998). The issues presented in this appeal arose out of the proceedings concerning J.F.P.'s motion to modify his child support obligation, and there has been no order disposing of that issue. The February 6, 1998, order from which the State purports to appeal did not dispose of all issues then pending before the trial court. Specifically, the court continued the hearing and did not rule on J.F.P.'s motion to modify his child support obligation.
An appeal to this court lies only from a final judgment. § 12-22-2, Ala.Code 1975. However, review of interlocutory orders may be had through a petition for a writ of mandamus. Roark v. Bell, 716 So.2d 1245 (Ala. Civ.App.1998). Rather than dismiss the State's appeal as being from a nonfinal order, this court has elected to treat the "appeal" as a petition for a writ of mandamus.[5]
"The writ of mandamus is a drastic and extraordinary writ, and certain criteria must be met before it will be issued. A writ of mandamus will be issued only when there (1) a clear legal right in the petitioner to the relief sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) lack of another adequate remedy; and (4) properly invoked jurisdiction of this Court. Ex parte Ben-Acadia, Ltd. 566 So.2d 486, 488 (Ala.1990)."
Ex parte Combined Ins. Co. of America, 706 So.2d 1187, 1188 (Ala.1997).
The State argues that the Family Court erred in holding that the Civil Division lacked jurisdiction to enter a support order and in setting the Civil Division's support order aside. As we noted earlier, the State instituted this action in the Family Court Division of the Circuit Court of Montgomery County pursuant to § 26-17-10(a), Ala.Code 1975. The Family Court Division determined that J.F.P. was the father of the child. J.F.P. then appealed to the Civil Division pursuant to § 26-17-20(a), Ala.Code 1975, for a "trial de novo."
The parties dispute the meaning of the term "trial de novo." The State argues that upon an appeal of a paternity judgment to the circuit court, both the issue of paternity and the issue of child support are tried anew. J.F.P. argues that he appealed only from the determination of paternity and that the Family Court Division's child support order remained in effect.
The Supreme Court of Alabama has stated:
"`The very word de novo itself means anew, afresh, trying anew the matters involved in the original hearing as if they had not been heard before and as if no decision had been previously entered.'"
Karrh v. Bd. of Control of Employees' Retirement System of Alabama, 679 So.2d 669, 670 (Ala.1996) (quoting Rudolph v. State, 286 Ala. 189, 190, 238 So.2d 542, 543 (1970)). Recently, in a paternity case in which the circuit court reversed the family court division's finding of paternity, this court examined the meaning of the term "trial de novo" for purposes of § 26-17-20(a), Ala.Code 1975.
"[T]he effect of a trial de novo on appeal is to entirely displace the action of the court appealed from.
"`Trial de novo means a new trial in circuit court in which the whole case is retried as if no trial whatever had been had in the juvenile court. Alabama Equity Corp. [v. Hall, 46 Ala.App. 143, 239 So.2d 215 (Ala.Civ.App.1970)]; *217 Black's Law Dictionary 1349 (5th ed.1979).'
"Ex parte State ex rel. Hillman, 629 So.2d 656, 657 (Ala.Civ.App.1993)."
Cauthen v. Yates, 716 So.2d 1256, 1261 (Ala. Civ.App.1998) (emphasis added).
Thus, we hold that when J.F.P. appealed to the Civil Division for a trial de novo, that court properly considered the issues of paternity and child support.
Our holding is further supported by the fact that a paternity adjudication by the Civil Division that does not include an order for child support is not a final judgment that will support an appeal. Section 26-17-14(a), Ala. Code 1975, provides:
"(a) The order of the court determining the existence or nonexistence of the parent and child relationship is determinative for all purposes. Upon paternity being established, the court shall immediately determine support payments at the conclusion of the paternity hearing and make support payment determination a part of the order establishing paternity."
(Emphasis added.)
In interpreting § 26-17-14(a), this court has held that a final judgment in a paternity action must include an order providing for the payment of child support. Mitchell v. State ex rel. Wells, 617 So.2d 684 (Ala.Civ. App.1992); Washington v. State ex rel. King, 537 So.2d 967 (Ala.Civ.App.1988). In both Mitchell and King, the initial court entered a finding of paternity and also entered a child support order. The defendants appealed for a trial de novo to the circuit court. In both cases, the circuit court made a paternity determination but did not enter an order providing for child support. This court held that, in the absence of an order by the circuit court regarding child support, the judgments in those cases were not final and could not support an appeal. Mitchell v. State ex rel. Wells; Washington v. State ex rel. King.
Similarly, in this case, in order for its determination of paternity to be a final judgment, the Civil Division was required to enter a child support order after adjudicating J.F.P.'s paternity. The Civil Division's order became a final judgment when this court dismissed J.F.P.'s appeal from that order and the Supreme Court denied certiorari review. Because the Civil Division had jurisdiction to enter the child support order, the Family Court Division erred in purporting to rescind the support provisions of the order of the Civil Division. The Family Court Division did not have jurisdiction to rescind a final judgment and its order is, therefore, void.
We note that although the family court may not "forgive" or set aside a final child support judgment, Ex parte State ex rel. Lamon, 702 So.2d 449 (Ala.1997); Hamilton v. Hamilton, 647 So.2d 756 (Ala.Civ. App.1994), it has the discretion to modify any future child support obligation. Frasemer v. Frasemer, 578 So.2d 1346 (Ala.Civ.App.1991). The manner in which a child support arrearage or judgment is repaid is within the discretion of the trial court. Henderson v. Henderson, 680 So.2d 373 (Ala.Civ.App.1996).
Further, our holding in this matter does not affect the Code provision that provides that the Family Court Division's support order remains in effect and the child support obligation continues to accrue during the pendency of the appeal. That support order remains in effect until the Civil Division enters a new child support order.[6] § 26-17-20(a), Ala.Code 1975. "The person who has been adjudged the father of a child cannot deprive the child of his right to support merely by taking an appeal." Moore v. LeFlore, 288 Ala. 315, 318, 260 So.2d 585 (Ala. 1972).
In his order, the Family Court Division judge noted that he retained jurisdiction over matters of child support and other issues concerning the case. Except for the limited instance in which the Civil Division has jurisdiction to hear an appeal from the Family Court Division's paternity determination, this is an accurate statement of the law. Pursuant to § 26-17-10(e), the family court retains jurisdiction over "such other and further orders as [the] changing circumstances of the *218 parties may in justice and equity require."[7] The Civil Division had jurisdiction over the matter only for the limited purpose of entering a final paternity adjudication and the required accompanying child support order. Therefore, the Family Court Division is ordered to vacate the provision of its September 15, 1997, order purporting to rescind the child support provisions of the order of the Circuit Court, Civil Division.
J.F.P.'s request for an attorney fee is denied.
WRIT GRANTED.
YATES and MONROE, JJ., concur.
ROBERTSON, P.J., and CRAWLEY, J., concur in the result.
NOTES
[1] That section provides "[t]he father's liabilities for past education and necessary support are limited to a period of two years next preceding the commencement of an enforcement action under this chapter...."
[2] The court also failed to rule on the State's pending contempt petition.
[3] Section 26-17-20(a), Ala.Code 1975, has been amended to provide that in a trial de novo in an action to determine paternity, the parties are not entitled to a trial by jury. Ala. Acts 1997, Act No. 97-447, § 11. This amendment was effective on July 1, 1997; it therefore does not govern this case.
[4] The Alabama Rules of Civil Procedure do not provide for a "motion to reconsider." However, when a motion is so styled, it is treated as a Rule 59(e) motion to alter, amend, or vacate a judgment if its substance complies with the requirements for a post-trial motion under that rule. Ex parte Johnson, 673 So.2d 410 (Ala.1994).
[5] While this appeal was pending, the Family Court Division entered an order purporting to modify J.F.P.'s child support obligation. That ruling indicates that remanding this action for entry of a final judgment would be judicially inefficient. We also note that as a juvenile case, this matter takes precedence over other matters before this court. See Rule 28, Ala. R. Juv. P., Comments to Amendment Effective November 15, 1985.
[6] The defendant may file a petition for a supersedeas bond to stay enforcement of the child support order during the pendency of the appeal to the circuit court. § 26-17-20, Ala.Code 1975.
[7] The word "court" as used in § 26-17-10(e) and throughout the rest of the chapter refers to the juvenile or family court division of the district or circuit court. § 26-17-10(a), Ala.Code 1975.