PER CURIAM.
On August 25, 2010, Douglas Crouch, an inmate at the Elmore Correctional Facility (“the ECF”), filed in the Montgomery Circuit Court a petition seeking a writ of mandamus directing Richard Allen (“the commissioner”), Commissioner of the Alabama Department of Corrections (“ADOC”);[1] Leeposey Daniels (“the warden”), Warden of the ECF; and Correctional Medical Services (“CMS”), an entity that provides medical services to inmates pursuant to a contract with ADOC, to provide Crouch with adequate medical treatment, to provide him with meaningful access to the courts, to stop collecting medical co-payments; and to stop enforcing two new prison rules.[2] Thereafter, the commissioner, the warden, and CMS filed motions to dismiss. On November 16, 2010, the trial court entered a judgment denying Crouch’s petition. Crouch appeals the denial of his petition seeking a writ of mandamus.[3]
“ We note at the outset that in an appeal from the trial court’s denial of a petition for a writ of mandamus, “this court must indulge all reasonable presumptions in favor of the correctness of the judgment appealed from.” ’ Kilgore v. Jasper City Bd. of Education, 624 So.2d 603, 604 (Ala.Civ.App.1993) (quoting Huffstutler v. Reese, 510 So.2d 275, 277 (Ala.Civ.App.1987)).
“Mandamus is a drastic and extraordinary writ and is to be issued only where there is a clear legal right to the relief sought by the petitioner. Ex parte State Dep’t of Human Resources, 674 So.2d 1274 (Ala.Civ.App.1995). Because it is an extraordinary remedy, the standard of review is whether there has been a clear abuse of discretion by the trial court. Id.”
Perry v. State Dep’t of Corr., 694 So.2d 24, 25 (Ala.Civ.App.1997).
Crouch argues that the trial court erred in denying his petition insofar as it sought a writ of mandamus directing the commissioner, the warden, and CMS to provide him with adequate medical care because, he says, the trial court did not conduct an evidentiary hearing regarding the adequacy of the medical treatment he was being provided.
*266 “An inmate in a state penal institution has a constitutional right to adequate medical treatment. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Fountain v. State, 648 So.2d 591 (Ala.Civ.App.1994). This court has further held that ‘[a]n evidentiary hearing is warranted in order for the trial court to determine whether an inmate in a state penal institution is receiving adequate medical attention.’ Fountain, 648 So.2d at 592 (citations omitted).”
Perry, 694 So.2d at 25. However, “an inmate’s preference for treatment different from that administered by the health care providers does not amount to a violation of the Eighth Amendment [of the U.S. Constitution].” Montanez v. QuestCare, Inc., 675 So.2d 466, 468 (Ala.Civ.App.1996).
In the case now before us, Crouch alleged that, for the previous two years, he had suffered from degenerative disk disease in the lumbar area of his back; that his back had been x-rayed and that he had been given prescription steroids and muscle relaxers and over-the-counter pain medication to treat the pain in his back. He further alleged that the treatment he had received had not stopped the pain in his back. In addition, he alleged that he had requested that he be treated by a back specialist and that he might obtain relief from his back pain if he was given “Spine Reconditioning System (SRS) therapy/treatment.” Crouch also alleged that he had had cataract surgery and that his eyesight could be improved with the surgical implantation of a prosthetic lens. Those allegations do not indicate that Crouch was not receiving adequate medical care; they merely indicate that Crouch preferred forms of treatment that were different from those being provided. Accordingly, because Crouch’s petition failed to allege that he was not receiving adequate medical care, he was not entitled to an evidentiary hearing regarding the issue whether he was receiving adequate medical care. See Perry. Therefore, we cannot reverse the judgment of the trial court on the ground that it did not conduct an evidentiary hearing regarding that issue.
Crouch also argues that the trial court erred in failing to make findings of fact. However, he has cited no legal authority holding that the trial court was required to make findings of fact in this case.
“It is the appellant’s burden to refer this Court to legal authority that supports its argument. Rule 28(a)(10), Ala. R.App. P., requires that the argument in an appellant’s brief include ‘citations to the cases, statutes, [and] other authorities ... relied on.’ Consistent with Rule 28, ‘[w]e have stated that it is not the function of this court to do a party’s legal research.’ Spradlin v. Spradlin, 601 So.2d 76, 78 (Ala.1992) (citing Henderson v. Alabama A & M University, 483 So.2d 392, 392 (Ala.1986) (‘“Where an appellant fails to cite any authority, we may affirm, for it is neither our duty nor function to perform all the legal research for an appellant.” Gibson v. Nix, 460 So.2d 1346, 1347 (Ala.Civ.App.1984).’)). Because the Board has cited no legal authority that addresses whether a party’s failure to perform its contractual obligations defeats its fraud claims relating to those contracts, we will not consider whether the trial court’s judgment should be reversed as to this issue.”
Board of Water & Sewer Comm’rs of City of Mobile v. Bill Harbert Constr. Co., 27 So.3d 1223, 1254 (Ala.2009). Accordingly, because Crouch has cited no legal authority supporting his argument that the trial court erred in failing to make any findings of fact, we will not consider that argument. See Board of Water & Sewer Comm’rs of City of Mobile.
*267 Crouch also argues that the trial court erred because, he says, the warden was in default due to his failure to file his answer within 30 days after he was served with process when he filed his motion to dismiss and the commissioner never answered or otherwise filed a defensive pleading. First, we find no merit in Crouch’s argument that the commissioner never answered or otherwise filed a defensive pleading because the record indicates that the commissioner and the warden filed a joint motion to dismiss. Second, Crouch has cited no legal authority in support of his argument that the trial court erred in denying his petition despite the fact that the commissioner and the warden had not answered his complaint within 30 days after they were served. Therefore, we will not consider that argument.
Crouch also asserts the general proposition that “mandamus is the proper remedy to issue to require a public official to do a ministerial act that the official is legally bound to perform.” (Crouch’s brief at p. 11.) However, he does not articulate how that general proposition justifies a reversal of the judgment of the trial court in this case. Crouch’s mere assertion of that general proposition of law is insufficient to merit a reversal. See Cincinnati Ins. Cos. v. Barber Insulation, Inc., 946 So.2d 441, 449 (Ala.2006) (“ ‘Authority supporting only “general propositions of law” does not constitute a sufficient argument for reversal.’ ”).
Crouch also asserts that a “[w]rit of mandamus is the appropriate remedy when there is a clear showing that a public official has abused [his or her] discretion and exercised that discretion in an arbitrary and capricious manner” and that “[i]t is clear, from the filings [that the commissioner, the warden, and CMS] were denying Crouch ... adequate and proper medical attention ... access to the courts ... liberty interest and due process in property ... to remain free from cruel and unusual punishment ... and freedom of religion.” (Crouch’s brief at p. 11.) However, the assertion of a general proposition of law and a conclusory assertion that the trial court has violated that general proposition is insufficient to merit a reversal. Id. ■
Finally, Crouch asserts that “[m]andamus is the proper remedy to enforce court orders” and that the commissioner and the warden have failed to follow a court order entered by the Fifteenth Judicial Circuit on August 30, 1995 (“the 1995 order”). Crouch attached the 1995 order, which required ADOC to maintain notebooks containing its administrative regulations, to his petition in support of his claim that the commissioner and the warden were denying him meaningful access to the courts. However, the gravamen of his claim that the commissioner and the warden were denying him meaningful access to the courts was that they were not providing him with an adequate law library. Neither Crouch’s petition nor his brief on appeal articulates how a failure to maintain a notebook containing administrative regulations relates to his claim that the commissioner and the warden were not providing him with an adequate law library. Accordingly, Crouch’s assertion of the general proposition that “[m]andamus is the proper remedy to enforce court orders” and his conclusory assertion that the commissioner and the warden are not following the 1995 order are insufficient to merit a reversal. Id.
For the reasons discussed above, we affirm the judgment of the trial court.
AFFIRMED.
All the judges concur.

. Richard Allen is no longer the Commissioner of the Alabama Department of Corrections. Rule 25(d), Ala. R. Civ. P., and Rule 43(b), Ala. R.App. P., provide that if a public officer is a party to an action or an appeal in an official capacity and the officer ceases to hold office during the pendency of the action or the appeal, the officer’s successor is automatically substituted as a party.

. In the alternative, Crouch's petition sought a writ of prohibition; however, Crouch has not argued on appeal that the trial court erred in denying his petition insofar as it sought a writ of prohibition, and, therefore, he has waived that claim. See Boshell v. Keith, 418 So.2d 89, 92 (Ala.1982) ("When an appellant fails to argue an issue in its brief, that issue is waived.”).

.Crouch filed a postjudgment motion, which the trial court denied. Crouch then appealed to this court. Due to lack of jurisdiction, we transferred the appeal to the supreme court, which transferred the appeal back to this court pursuant to § 12-2-7(6), Ala.Code 1975.